**INSURANCE COMPANY OF NORTH AMERICA, Plaintiff,**

v.

**S/S HELLENIC PATRIOT, her engines, tackle, boilers, etc., Hellenic Lines Limited, Defendant.**

**No. 79 Civ. 6515.**

United States District Court, S. D. New York.

July 8, 1980.

---

Yorkston W. Grist, P.C., New York City, for plaintiff; Jeffrey L. Shernoff, New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for defendant; Vincent M. De Orchis, New York City, of counsel.

## MEMORANDUM OPINION

EDWARD WEINFELD, District Judge.

The defendant, Hellenic Lines Limited, moves to vacate a judgment entered against it for default in answering plaintiff's complaint upon the ground that the default was due to mistake, inadvertence or excusable neglect on the part of a claim agent of the defendant; alternatively, the defendant, in the event the Court should find that there was no mistake, inadvertence or excusable neglect within the purview of Rule 60(b) of the Federal Rules of Civil Procedure, then requests that the default judgment be set aside insofar as the amount of damages are recited in the judgment in the amount of $24,600 upon the ground that plaintiff's claim was not for a sum certain or for such a sum which can by computation be made certain and consequently the clerk's entry of judgment was improper and further requests that an inquest be ordered to determine the exact amount of damages.

The plaintiff, in opposing defendant's motion, emphasizes that this particular defendant has over an extended period been a persistent defaulter in answering various actions commenced against it due apparently to its policy of not promptly retaining counsel to represent the defendant and instead, treating the matter as a claim and through its claim department attempting to settle or adjust the claim evidently in an effort to avoid counsel fees, failing which the matter is sent on to counsel which in many instances may be months after the commencement of suit. This situation has previously come to the Court's attention but each motion must be determined upon its own individual facts and so this Court disregards the somewhat acrimonious exchange in which counsel for the parties have engaged relative to other actions.

Plaintiff apparently sues as a subrogee of one of its assureds upon a claim that certain household refrigerators, freezers and water coolers carried aboard defendant's vessel, S/S Hellenic Patriot from Newport News, United States to Hodeidah, Arab Republic, were in damaged condition upon their discharge on July 31, 1978. One year after discharge of the cargo, to wit, on July 31,

1979, a notice of claim was mailed to defendant, Hellenic Lines, by the cargo underwriters' agent, Recovery Services International, alleging damages totalling $24,600. The claim was accompanied by plaintiff's request for an extension of time to institute suit up to and including December 9, 1979 [1] which request defendant Hellenic Lines granted. Thereafter on December 3, 1979, plaintiff commenced this action by filing a summons and complaint in this Court and on December 6, 1979 process was served upon the defendant by the United States Marshal. The defendant's claim agent contends, and it is not seriously disputed, that the action was handled in the usual manner by defendant, that is, it was not referred to counsel, but the claim agent took charge and requested an extension of time to answer to March 6, 1980. He has submitted an affidavit wherein he avers that inadvertently he failed to note this expiration date in his diary. Upon defendant's failure to answer on March 6, 1980 and within four days thereafter on March 10, 1980, plaintiff's attorney filed an affidavit alleging that the defendant was in default in answering and further that $24,600 was the liquidated amount of damages whereupon the clerk of the Court, pursuant to an order of the Court, entered a judgment for the requested amount together with interest and costs and disbursements totalling the sum of $27,098.36, the judgment now sought to be vacated. No notice was given by plaintiff's attorney to defendant that it proposed to enter a default judgment.

In the interval following the service of the summons and complaint upon the defendant, December 6, 1979 to March 6, 1980, defendant's claim agent attempted to obtain the facts relative to plaintiff's claim through its representative at Hodeidah, Arab Republic. Needless to say this took some time. On February 19, 1980, Hellenic Lines' agent in Hodeidah, Arab Republic, addressed a communication to the New York office that the cargo had been outturned without an exception or damages and that the cargo remained in the customer's shed on the dock for almost one month before it was picked up by the consignee and that the consignee's trucker did not note exceptions. This information did not reach Hellenic Lines in New York City until March 14, 1980 which was beyond the March 6th date when the defendant's time to answer expired and four days after plaintiff's attorney had filed the affidavit that defendant was in default.

That the time of the defendant to answer the complaint was extended to March 6, 1980 is beyond dispute. Thus the defendant's claim agent, in acknowledging service of the summons and complaint, wrote to plaintiff's counsel, "Kindly keep our time open to file an answer and/or to appear in the above matter until March 6, 1980," and at the same time sent a copy of the letter to defendant's representative in Hodeidah with a notice attached "Kindly furnish full particulars of discharge and delivery of the captioned shipment together with all supporting documents urgently." The plaintiff did not object to the request for the extension and its acquiescence may be assumed. Without passing upon the merits of defendant's position, the response by defendant's representative at Hodeidah, Arab Republic, brought forth sufficient information to warrant resistance by defendant to plaintiff's alleged claim.

Whether the failure to answer on March 6, 1980 was because of an inadvertence or neglect on the part of defendant's claim agent in omitting to note the expiration date for answering in his diary, it seems to this Court that since defendant as a matter of courtesy extended plaintiff's time to commence the action and further that in fact plaintiff had accepted without comment defendant's request to extend the time to answer to March 6 and was aware

---

1. Under the Carriage of Goods By Sea Act, 46 U.S.C. § 1303(6), suit must be commenced no later than one year after cargo is delivered or should have been delivered. Accordingly, plaintiff was required to file suit no later than July 31, 1979.

that defendant was endeavoring to get essential facts, common courtesy (so much talked about by members of the admiralty bar) required plaintiff to notify defendant that the March 6 date had passed and accordingly that it intended to proceed to enter a default judgment thereby affording the defendant an opportunity to relieve itself of the default. The rush to enter judgment without such notice smacks too much of the "sporting theory of justice."[2] Under all the circumstances defendant is justified in claiming excusable neglect or inadvertence. Moreover, since the plaintiff's claim is for damages to part of the cargo shipment, there is a substantial question as to whether the clerk was authorized to enter judgment under Rule 55. Upon consideration of all factors, the defendant is relieved of its default but upon condition that it post a surety company undertaking to secure any judgment the plaintiff may obtain and to pay to plaintiff's counsel for its services in connection with this matter a fee of $750 within ten days; upon defendant's compliance with these conditions, the judgment entered by default is vacated and the defendant's time to answer the complaint is extended 20 days from date.

So ordered.

2. *See* 8 Wright & Miller, Federal Practice and Procedure, § 2001, at 18–19; *Cine Forty-Second St. Theatre v. Allied Artists*, 602 F.2d 1062, 1063 (2d Cir. 1979); *In re Halkin*, 598 F.2d 176, 192 (D.C.Cir. 1979); *Mid-West Paper Products Co. v. Continental Group*, 596 F.2d 573, 579 (3d Cir. 1979); *Clark v. Pennsylvania Railroad Co.*, 328 F.2d 591, 594 (2d Cir. 1964) (Medina, J.).