T. E. QUINN TRUCK LINES,
LIMITED, Plaintiff,

v.

BOYD, WEIR & SEWELL,
INC., Defendant.

No. CIV–79–457.

United States District Court,
W. D. New York.

Aug. 5, 1981.

McGrath, Meyer, Lieberman & Lipp, Buffalo, N. Y. (Margaret A. Paluch and Peter B. Magnuson, Buffalo, N. Y., of counsel), for plaintiff.

Cichanowicz & Callan, New York City, Eugene J. Murphy, Buffalo, N. Y. (Joseph F. DeMay, Jr., New York City, of counsel), for defendant.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

In this action, plaintiff, a Canadian corporation, asserts two causes of action arising from its shipment of certain goods to Ontario, Canada for the Atlantic Biscay Container Line ("Atlantic Biscay"). The first cause of action alleges that defendant has breached a contract to pay for such shipment and the second alleges that defendant, acting as an agent for Atlantic Biscay, represented that its principal was able to pay for plaintiff's services when defendant knew or should have known that Atlantic Biscay was, in reality, unable to pay therefor and that plaintiff was damaged as a result of defendant's said misrepresentation. Plaintiff seeks to recover approximately $14,000. Defendant is a New York corporation with its principal place of business in New York City. The matter is currently before me for a determination whether a default judgment should be entered against defendant for its failure to answer certain interrogatories. Fed.R. Civ.P. rule 37(b)(2)(C).

It is necessary to set out the chronology of this case with some particularity. Plaintiff filed its Complaint June 13, 1979. Issue was joined July 25, 1979 and plaintiff served its initial interrogatories October 4, 1979. On October 29, 1979, the parties stipulated that defendant's time to answer the interrogatories would be extended until November 12, 1979. Defendant answered the interrogatories November 19, 1979. Plaintiff objected to some answers provided by defendant and wrote a letter to defendant's attorney December 5, 1979 in the hope of resolving the dispute as required by Local Rule 17. At the same time, plaintiff served two supplemental interrogatories. Defendant served its "first set" of interrogatories December 11, 1979. Phone calls and letters passed between counsel for the parties and it appears that a mutually acceptable timetable for both parties to answer interroga-

tories was reached January 8, 1980. The agreed-upon time for answering passed with defendant having provided no answers to the interrogatories at issue. Defendant then moved for summary judgment January 29, 1980. After further telephone conversations, defendant's counsel agreed to serve answers to the as yet unanswered interrogatories. The answers were served February 1, 1980. Plaintiff, not content with certain objections raised in answer to its interrogatories, moved February 7, 1980 for an order to compel complete answers to its "original" and supplemental interrogatories.

I decided February 25, 1980 that defendant's motion for summary judgment should be held in abeyance pending discovery and plaintiff's motion for an order compelling answers to interrogatories was adjourned to March 10, 1980. Oral argument on plaintiff's motion was heard on such date, but no appearance was then made by or on behalf of defendant. I granted plaintiff's motion for an order compelling answers to its interrogatories and entered an Order June 18, 1980 which required defendant to submit additional answers within ten days after service of the Order and awarded attorney's fees of $487.92 to plaintiff on its motion.

On July 18, 1980, plaintiff's counsel wrote to defendant's New York City counsel ("NYC counsel") and to its Buffalo counsel ("local counsel") reminding them of my June 18th Order and indicating that the Deputy Clerk of the court had inquired whether defendant had complied so that the court might schedule consideration of defendant's summary judgment motion. NYC counsel responded that another attorney in its firm was now handling the case but that plaintiff's counsel should contact local counsel who was allegedly preparing a motion to reargue plaintiff's motion to compel answers. No such motion was filed and no answers to interrogatories were served upon plaintiff.

In November 1980 plaintiff, by its counsel, again came before the court and moved for a second order holding defendant and its NYC counsel and local counsel in contempt for failure to comply with my Order of June 18, 1980 or, alternatively, for an order striking defendant's Answer and awarding attorney's fees to plaintiff for the second motion. After counsel for both sides had been heard, I granted plaintiff's motion and entered an Order December 15, 1980

requiring defendant to submit answers within twenty days. Additional attorney's fees of $287.50 for plaintiff's second motion were awarded with the second order. However, I declined to strike defendant's pleadings at that time.

After defendant still had not answered, plaintiff's counsel wrote both to NYC counsel and to local counsel for defendant January 20, 1981 reminding them of the entry of my second Order compelling answers to interrogatories and stating that plaintiff would move to strike defendant's pleadings if answers were not forthcoming. Because no answers to the interrogatories had been served, plaintiff filed a motion February 12, 1981 for an order striking defendant's Answer and entering judgment for plaintiff and for fees and costs of that motion. Defendant failed to submit any papers in opposition to plaintiff's motion. Oral argument on plaintiff's third motion regarding its interrogatories was heard February 23, 1981. Again, neither counsel for defendant appeared for argument of the motion. I granted plaintiff's motion to strike defendant's Answer and enter judgment for the plaintiff. Plaintiff's counsel prepared a proposed order and judgment, with copies to NYC counsel and local counsel for defendant March 6, 1981. On March 12, 1981, defendant served answers to the interrogatories. On March 17, 1981, defendant, by its NYC counsel, moved to "vacate" or modify plaintiff's proposed order and judgment. Argument on defendant's motion was heard May 18, 1981.

■ Fed.R.Civ.P. rule 37 provides a variety of sanctions which may be imposed for failure to obey a court order compelling discovery. The United States Court of Appeals for the Second Circuit, in *Cine Forty-Second St. Theatre v. Allied Artists*, 602 F.2d 1062 (1979), has recognized that a district court may use the sanctions provided by rule 37 as a spur to the discovery proceedings of a lawsuit. The sanctions are intended to secure compliance with the court's discovery orders, to ensure that a party will not be able to benefit from its failure to comply and to deter other litigants from failing to comply. *Id.*, at 1066. Even the most powerful sanction, entry of judgment against an uncooperative party, may be used if necessary and if such party is in some sense at fault. *National Hockey League v. Met. Hockey Club*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) *(per curiam); Societe Internationale v. Rogers*, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). And, while "due process constitutional considerations underlie Rule 37 dispositions", *Flaks v. Koegel*, 504 F.2d 702, 712 (2d Cir. 1974), rule 37 provides that the court "may make such orders in regard to the failure [to conduct discovery] as are just * * *," provided that the action taken does not constitute an abuse of discretion. *Ibid.* When a defendant's failure to provide court-ordered discovery results from bad faith or gross negligence, entry of judgment is not an abuse of the court's discretion. *Cine Forty-Second St. Theatre v. Allied Artists, supra; Affanato v. Merrill Bros.*, 547 F.2d 138 (1st Cir. 1977); *Emerick v. Fenick Industries, Inc.*, 539 F.2d 1379, 1381 (5th Cir. 1976).

In the instant case, I must determine whether the failure of defendant to obey both orders of this court requiring answers to certain of plaintiff's interrogatories constitutes "gross professional negligence * * *—that is, where counsel clearly should have understood his duty to the court * *." *Cine Forty-Second St. Theatre v. Allied Artists, supra*, at 1068.[1]

Plaintiff had been attempting to elicit responsive answers to its interrogatories since October 1979, a period of fifteen months before suitable answers were served. On two occasions, plaintiff had sought the aid of this court by way of orders requiring defendant to respond to plaintiff's queries. Defendant did not answer, in spite of these two court directions that it do so, until after plaintiff's motion for an order of judgment had been filed and granted. Understandably, this extreme court sanction inspired in the defendant a renewed desire to answer the interrogatories and to get on with this suit.

---

1. As stated in *Affanato v. Merrill Bros., supra* at 141, I am not "concerned with * * * the assessment of fault as between one counsel or another. So far as the * * * court's action in imposing the default [is] concerned, the issue is irrelevant." The question here is whether the conduct of counsel with which defendant is chargeable amounts to gross negligence.

Defendant's counsel contends in his affidavit in support of his motion to vacate the order and judgment that plaintiff's motion for an order compelling answers to interrogatories was interposed in the hope of finding a cause of action on which to base its Complaint. Defendant argues that, after completion of its discovery, it was fairly certain that its motion for summary judgment would succeed. Defendant admits that counsel for the parties appeared before the court to argue defendant's motion for summary judgment and plaintiff's initial motion to compel answers and that the court decided that plaintiff's discovery motion would receive preference. An order to comply with the discovery request was issued June 18, 1980, yet the defendant never did so. Further communication between the parties resulted in no resolution of the problem and plaintiff was compelled to move for a second order which was granted.

Defendant offers the argument that there was confusion between its local counsel and its NYC counsel regarding who would answer the interrogatories. I recognize the possibility of such confusion. However, assuming an initial mistaken belief on the part of each counsel for defendant that the other was going to answer the interrogatories, this bemusement rises to the level of gross negligence when one considers that plaintiff's counsel wrote to *both* groups of counsel for the defendant reiterating both court orders and asking compliance with the discovery request. *See, Insurance Co., Etc. v. S/S Hellenic Patriot,* 87 F.R.D. 136 (S.D. N.Y.1980). By this point in time, both counsel for defendant must have realized that something was seriously amiss regarding compliance with this court's orders compelling discovery. Indeed, both local counsel and NYC counsel should have recognized their responsibilities to the court when plaintiff filed a second motion to compel answers. Yet, defendant's counsel failed even to submit papers on plaintiff's second motion or to appear for plaintiff's final motion to strike defendant's Answer.

Moreover, no acceptable answers to the contested interrogatories were served on plaintiff until March 12, 1981, one month after plaintiff's final motion for an order of judgment had been filed. The fact that such relief to plaintiff had to be sought and that this court was required to force defendant to answer the interrogatories implies gross negligence by defendant's counsel, bordering on willful disregard for the orders of this court and a smoothly-operated discovery procedure.

The court notes that there was a change of attorneys handling this case for defendant within the office of NYC counsel. This change does not in any way justify defendant's failure to respond to the interrogatories. The same law firm continued to represent defendant. The change of attorneys took place in July 1980 and defendant's new attorney still had approximately five months to familiarize himself with the case and respond to the interrogatories before the second order to comply was entered. NYC counsel failed to do so and instead suggested to counsel for plaintiff that defendant's local counsel would handle the matter. Obviously, the fundamental responsibility to this court and to defendant remained always with NYC counsel.[2] The second order of this court notified counsel for defendant that the required answers to interrogatories had not been filed and that some action was still needed on their part. That no answers were forthcoming until plaintiff's motion for an order for judgment again strongly shows that defendant's counsel were derelict in their duty to the plaintiff and to the court by failing to respond properly and timely to plaintiff's interrogatories. Only attorneys' affidavits have been submitted in opposition to plaintiff's motion for judgment and there is nothing before me to show that defendant itself was not aware of its procedural obligations.

 Arguments that defendant's counsel felt that its motion for summary judg-

**2.** In defendant's March 13, 1981 Notice of Motion NYC counsel are referred to as "prime

attorneys for the defendant."

ment would carry the day when finally considered by this court are unavailing. Defendant's counsel admits its knowledge of this court's direction that defendant answer the interrogatories before consideration would be given to defendant's motion for summary judgment. Any belief on the part of defendant's counsel that its motion for summary judgment was or would be sufficient to assure victory does not justify defendant's failure to comply with the discovery orders. Courts are the sole arbiters of the strength or weakness of summary judgment motions. Parties to a dispute may not unilaterally decide that theirs is the victorious posture and refuse to cooperate in discovery procedures aimed at thoroughly exploring all aspects of the issues before a court. To thus permit a party or counsel for a party to control the procedures of litigation is totally not allowable.

If plaintiff's interrogatories were merely a search for a cause of action as defendant contends, the surest avenue to vindication for defendant was compliance with plaintiff's discovery requests. This court then would have considered defendant's motion for summary judgment on its merits. Instead, defendant's failure to respond has resulted in numerous proceedings before me with the result that this court has virtually become "embroil[ed] * * * in day-to-day supervision of discovery, a result directly contrary to the overall scheme of the federal discovery rules," even in today's ambiance. *Dellums v. Powell*, 566 F.2d 231, 236 (D.C. Cir.1977).

The defendant's action in the case at hand constitutes more than simple negligence. It constitutes contempt for this court and for its orders. In *Troyer v. Karcagi*, 488 F.Supp. 1200 (S.D.N.Y.1980), the plaintiffs failed to timely answer interrogatories requested by the adverse party, a written agreement resulted promising to answer by a particular date and, when the date had come and gone, the defendant moved for an order to compel discovery under Fed.R.Civ.P. rule 37 which was obeyed in timely fashion. The district court denied a motion to dismiss the complaint, stating that the plaintiffs' failure to respond to initial requests for answers to interrogatories and their violation of a written promise to respond amounted to simple negligence, not rising to the level of negligence contemplated by the court in *Cine Forty-Second St. Theatre v. Allied Artists, supra*. Such is not the instant situation, which presents a gross disregard of procedural rules and of this court's directions.

The instant case is more closely akin to the situation dealt with in *National Hockey League v. Met. Hockey Club, Inc., supra*. The procedural background in that case included a lengthy attempt by defendant to compel answers to interrogatories, violated promises and commitments to provide answers, failure to comply after being directed to do so by a date certain and additional delay for several days after passage of the date certain before filing any motions. The United States Supreme Court recognized that, under the facts before the district court, "the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court * * *, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Met. Hockey Club, supra*, 427 U.S. at 643, 96 S.Ct. at 2781. It was held that "[u]nder the circumstances of this case * * * the District Judge did not abuse his discretion * * * [in] concluding that the extreme sanction of dismissal was appropriate * * * by reason of respondents' 'flagrant bad faith' and their counsel's 'callous disregard' of their responsibilities." *Ibid*.

The facts in *National Hockey League* are remarkably similar to the case at hand. Plaintiff herein had attempted for a period of fifteen months to compel answers to its interrogatories. Two orders of this court had issued compelling answers, both of which had been substantially ignored by this defendant. The only meaningful response by defendant came approximately a month after plaintiff had moved for and had been granted an order striking

its pleadings. It then finally answered the interrogatories and moved to vacate the judgment. Indeed, this court has been even more tolerant of defendant's failure to provide discovery than was the district court in *National Hockey League.* Here, defendant has failed to comply with two orders to answer plaintiff's interrogatories. Plaintiff's second motion to compel discovery requested an order striking defendant's pleadings, but rather than imposing such a harsh sanction at that time, I merely entered another order compelling answers. Defendant inexplicably failed to take advantage of the second chance I had given it.

In its Memorandum of Law in support of its motion to vacate or modify plaintiff's proposed order and judgment, defendant argues, alternatively, that it should be granted an evidentiary hearing to determine the question of its willfulness. Defendant relies on *Flaks v. Koegel, supra,* to support its request for such a hearing. *Flaks* is not on point with the case at hand. There, the defendant was in the process of changing counsel in midstream. The very day after the plaintiff had moved for an order striking the defendant's answer and rendering judgment, the defendant's counsel moved for an order permitting its withdrawal from the case. At the critical juncture of the suit, the defendant was being represented by counsel who were seeking to be dismissed. *Id.,* at 705–06. The court entered an order striking the answer and awarding judgment for the plaintiff totaling $919,147.50, of which $400,000 was punitive damages. The United States Court of Appeals for the Second Circuit noted that an award of punitive damages "is not a matter of right but is within the discretion of the trier of the facts and will depend on the degree of wanton and willful conduct of the defendant" and that the amount of such damages "cannot be fixed without an evidentiary hearing." *Id.,* at 707. The court was clearly troubled by an award of this magnitude without some showing as to the degree of willfulness of defendant's conduct. After the entry of judgment, defendant moved to vacate the judgment and presented an affidavit showing that he was

a victim of "disaffected" counsel and was without knowledge of court orders to comply with discovery requests but that he was able to comply. *Id.,* at 712.

■ I am presented here with markedly different circumstances. At no time, and particularly upon plaintiff's motion for an order of judgment, was defendant left without counsel or with balking counsel seeking to be dismissed from the case. There was a change of attorneys handling this case but only within defendant's NYC counsel's office and even such non-consequential change had occurred five months before this court's second order compelling answers and seven months before plaintiff's motion for judgment. The "new" attorney was working on this case July 20, 1980 as shown by NYC counsel's letter to plaintiff's counsel. (Exhibit D–1 to Affidavit of Peter B. Magnuson, Esq. in Opposition to Motion to Vacate Plaintiff's Proposed Order and Judgment.) Additionally, defendant was consistently represented throughout the proceeding by the same local counsel who was at all times apprised and aware of the happenings of this case. There is no indication that defendant has been represented by "disaffected" counsel or that it was unaware of the discovery orders. Any problems defendant might have incurred with counsel do not rise to the level suffered by the defendant in *Flaks v. Koegel, supra.* Plaintiff seeks no punitive damages in its Complaint. The only relief sought is recovery of the value of the services performed plus interest and fees. The amount requested ($14,067.87), while not insubstantial, does not approach the level of damages awarded in *Flaks v. Koegel, supra.* For these reasons, *Flaks v. Koegel, supra,* is not controlling in the present action.

In this case oral argument was held February 23, 1981, on plaintiff's motion for an order striking defendant's Answer and awarding judgment. Neither defendant's local counsel nor its NYC counsel appeared at the hearing. No papers opposing plaintiff's motion were submitted by defendant. Moreover, on defendant's present motion, as already noted, no affidavits have been sub-

mitted by defendant's local counsel or by defendant itself. The affidavits of defendant's NYC counsel totally fail to allege any facts which demonstrate that defendant's failure to answer plaintiff's interrogatories was caused by some factor other than gross negligence. I find that there was willful disobedience and deliberate callousness and gross negligence amply supporting the requested sanction. I conclude that a hearing is neither required nor warranted in the present case.

■ Any argument that defendant ought not to suffer for the acts of his counsel is answered by *Davis v. United Fruit Company*, 402 F.2d 328, 331 (2d Cir. 1968), *cert. denied*, 393 U.S. 1085, 89 S.Ct. 869, 21 L.Ed.2d 777 (1969), wherein the court stated that a party who "chose his attorney voluntarily * * * cannot be permitted to avoid the acts or omissions of his freely selected counsel." The client is not excused from his counsel's nonfeasance unless extraordinary circumstances exist. *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2d Cir. 1980); *Cine Forty-Second St. Theatre v. Allied Artists, supra*, at 1068. No such circumstances have been shown or alleged in the present case.

■ Defendant has also suggested that plaintiff has not been prejudiced by its failure to answer the interrogatories timely. Defendant's intransigence has placed a not insignificant burden on this court by causing four separate motions (three by plaintiff, one by defendant) to be brought and by delaying the ultimate disposition of this case. The fact that defendant has submitted belated answers to the interrogatories does not carry significant weight. "Any other conclusion would encourage dilatory tactics, and compliance with discovery orders would come only when the backs of counsel and the litigants were against the wall." *Cine Forty-Second St. Theatre v. Allied Artists, supra*, at 1068. Defendant's eleventh-hour answers do not repair the harm done to the court's and the public's interests in efficient discovery procedures and prompt conclusion of litigation. Moreover, the sanctions prescribed by rule 37 are

intended to deter other litigants from stalling discovery. "[I]n this day of burgeoning, costly and protracted litigation," courts should not be excessively reluctant to impose the harshest sanctions under rule 37. *Cine Forty-Second St. Theatre v. Allied Artists, supra*, at 1068.

For all of the reasons stated herein, it is hereby ORDERED that defendant's motion to vacate or modify plaintiff's order and judgment is in all respects denied; and it is further hereby

ORDERED that judgment be awarded for plaintiff on its Complaint in the amount of $14,067.87 plus interest of 6% from June 19, 1979; and it is further hereby

ORDERED that plaintiff be awarded judgment for attorney's fees and expenses in the amount of $487.92 for its motion for the Order entered June 18, 1980; $287.50 for its motion for the Order entered December 15, 1980; and $332.80 for its motion for the Order granted February 23, 1981.

