**Elmer TISDALE, By and Through his father and next friend, George TISDALE, Plaintiff,**

**v.**

**Jim DARKIS, Rick Herndon, Parsons State Hospital and Training Center and The State of Kansas, Defendants.**

**No. 82–4261.**

United States District Court, D. Kansas.

Jan. 25, 1984.

Gary R. Terrill, McCullough, Wareheim & LaBunker, Topeka, Kan., for plaintiff.

Thomas J. Coleman, Asst. Atty. Gen., Topeka, Kan., for State of Kansas, Parsons State Hosp. Jim Darkis & Rick Herndon.

Peter E. Rinn, Legal Division, Dept. of SRS, Topeka, Kan., for Parsons State Hosp.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

On January, 1984, the court directed the plaintiff to show cause why this case should not be dismissed for lack of prosecution. Thereafter, plaintiff filed a response to the order. Having carefully reviewed the file in this case, the court is now prepared to rule.

In order to fully understand this order, we shall set forth the facts that gave rise to our order of January 4, 1984. On October 28, 1982, plaintiff's counsel, McCullough, Wareheim & LaBunker, through one of its attorneys, Gary R. Terrill, filed this action on behalf of the plaintiff, Elmer Tisdale. On March 4, 1983, a discovery conference was held in this case. Plaintiff appeared by his counsel and defendants appeared by their counsel. At that time, Magistrate Van Bebber established the following deadlines:

    a. All interrogatories under Rule 33 and all requests for production of documents under Rule 34 shall be served on or before June 10, 1983.

    b. All discovery shall be completed on or before July 15, 1983.

    c. Any amendments to the pleadings or parties or requests therefor shall be filed on or before July 15, 1983.

    d. Any dispositive motions and supporting memoranda shall be filed on or before August 19, 1983.

Defendants' counsel served plaintiff's counsel with interrogatories and a request for production of documents on June 10, 1983. Plaintiff failed to respond to these dis-

covery requests. On August 12, 1983, defendants wrote a letter to plaintiff's counsel seeking to resolve the discovery dispute. Plaintiff again failed to respond. Defendants made several telephone calls to plaintiff's counsel regarding the problem but they were not returned.

On September 15, 1983, defendants filed a motion to compel discovery with the court. On October 11, 1983, after receiving no response from plaintiff's counsel, the court granted defendants' motion. Plaintiff failed to respond to the court's order of October 11, 1983, as the defendants heard nothing from plaintiff's counsel. On November 8, 1983, defendants filed a motion for sanctions and on December 28, 1983, defendants filed a motion for an order to show cause. Plaintiff's counsel again failed to respond to these motions. These events prompted the court to issue the order to show cause on January 4, 1984. In that order, we directed the plaintiff to show cause by January 16, 1984, why this case should not be dismissed.

Plaintiff's counsel filed his response on January 13, 1984. In this response, plaintiff's counsel states that the reason for his failure to comply with the orders of this court and his failure to prosecute this action is due to an illness suffered by his only child in August, 1983. Plaintiff's counsel alleges that he was required to spend considerable time with his child during treatment and thus he failed to keep up with his law practice. He requests that any sanctions imposed by the court be taken against him and not against his client. Plaintiff's counsel states that he is now ready to go forward with the case and is prepared to respond to the defendants' discovery requests.

■ The actions of the plaintiff in this case suggest that the court could impose sanctions under either Rule 37 or Rule 41 of the Federal Rules of Civil Procedure. We begin by considering whether this case should be dismissed for lack of prosecution pursuant to Fed.R.Civ.P. 41(b). Dismissals for want of prosecution are within the discretion of the trial court. *Joplin v. South-*

*western Bell Telephone Co.,* 671 F.2d 1274, 1275 (10th Cir.1982) (*per curiam*); *Food Basket, Inc. v. Albertson's Inc.,* 416 F.2d 937, 939 (10th Cir.1969). The specific circumstances of each case must be considered in determining whether there has been a failure to prosecute that is sufficiently serious to justify dismissal. *Davis v. Operation Amigo, Inc.,* 378 F.2d 101, 103 (10th Cir.1967). Excuses may be shown that will justify the delay in question, but the fact that a plaintiff has been stirred into action by a threat of dismissal is no excuse. *Alexander v. Pacific Maritime Association,* 434 F.2d 281 (9th Cir. 1970).

■ After carefully reviewing the court file in this case, we are convinced that this action should be dismissed for lack of prosecution. Since filing this case, plaintiff has essentially done nothing to prosecute the action. Discovery deadlines have come and gone and the record shows that the plaintiff has failed to conduct any discovery. Further, plaintiff has failed to obey the discovery orders of this court. The excuse offered by plaintiff's counsel is insufficient to avoid dismissal of this case. While the court has sympathy for the anguish suffered by the plaintiff's counsel over the illness of his only child, we recognize that counsel owes a duty both to his client and to the court to diligently handle the cases where he is the attorney of record. There were a number of alternatives available to plaintiff's counsel in this case but he chose not to use them. Plaintiff's counsel could have sought extensions of time or he could have asked another member of his law firm to handle the case or he could have withdrawn from the case. However, plaintiff's counsel simply chose to do nothing and thus we believe that the case should now be dismissed for lack of prosecution.

■ The court also finds that dismissal is warranted under Fed.R.Civ.P. 37. Rule 37(b) provides a number of sanctions, including dismissal, which may be imposed for failure to obey a court order compelling discovery. Whether to order dismissal under Rule 37 for failure to comply with

discovery orders is within a court's sound discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (*per curiam*). However, the Supreme Court has made clear that "Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763–64, 100 S.Ct. 2455, 2462–63, 65 L.Ed.2d 488 (1980) (quoting *National Hockey League v. Metropolitan Hockey Club, Inc.*, supra, 427 U.S. at 643, 96 S.Ct. at 2781). Where an attorney fails to comply with an order due to his gross neglect, that is, conduct well beyond ordinary negligence, dismissal may be appropriate. *Cine Forty-Second St. Theatre Corp. v. Allied Artists*, 602 F.2d 1062 (2d Cir.1979). *Also see Joplin v. Southwestern Bell Telephone Co.*, supra, at 1276.

■ Based on the aforementioned discussion, we find that plaintiff's counsel's conduct in this case amounts to gross neglect. Plaintiff's counsel was well aware of his responsibilities in this case and intentionally failed to act. His conduct can only be characterized as a gross dereliction of his professional responsibilities. He has shown a callous disregard for the court as well as the defendants in this case. Accordingly, we find that dismissal under Rule 37(b) is appropriate here.

■ We recognize the rather harsh result that this decision imposes on the plaintiff in this case. Nevertheless, a party who has voluntarily chosen his attorney cannot be permitted to avoid the acts or omissions of his freely selected counsel. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390–91, 8 L.Ed.2d 734 (1962). The client is not excused from his counsel's nonfeasance unless extraordinary circumstances exist. *Cine Forty-Second St. Theatre Corp. v. Allied Artists*, supra, at 1068 n. 10. No such circumstances have been shown here.

Finally, we do not believe that counsel's statement that he is now prepared to prosecute the case is of any significance. A similar contention was raised in *T.E. Quinn Truck Lines, Ltd. v. Boyd, Weir & Sewell, Inc.*, 91 F.R.D. 176 (W.D.N.Y.1981) and rejected. The comments of the court there are appropriate here:

> The fact that defendant has submitted belated answers to the interrogatories does not carry significant weight. "Any other conclusion would encourage dilatory tactics, and compliance with discovery orders would come only when the backs of counsel and the litigants were against the wall." *Cine Forty-Second St. Theatre v. Allied Artists*, supra, at 1068. Defendant's eleventh-hour answers do not repair the harm done to the court's and the public's interests in efficient discovery procedures and prompt conclusion of litigation. Moreover, the sanctions prescribed by rule 37 are intended to deter other litigants from stalling discovery. "[I]n this day of burgeoning, costly and protracted litigation," courts should not be excessively reluctant to impose the harshest sanctions under rule 37. *Cine Forty-Second St. Theatre v. Allied Artists*, supra, at 1068.

*Id.*, at 182.

Thus, for the reasons stated in the foregoing opinion, this case is hereby dismissed.

IT IS THEREFORE ORDERED that this action be dismissed for plaintiff's lack of prosecution under Fed.R.Civ.P. 41(b) and for plaintiff's failure to comply with the discovery orders of the court under Fed.R. Civ.P. 37(b).