Reinaldo JIMINEZ, Plaintiff,

v.

SOUTHRIDGE COOPERATIVE, SECTION I, INC., Defendant.

No. 85 CV 3835.

United States District Court, E.D. New York.

Dec. 27, 1985.

Jose Rivera, Brooklyn, N.Y., for plaintiff.

Dreyer & Traub, New York City (Noah Nunberg, of counsel), for defendant.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This is an action for damages and injunctive relief brought under the Civil Rights Act of 1866, 42 U.S.C. §§ 1981–82, the Fair Housing Act of 1968, 42 U.S.C. § 3602 *et seq.*, and the Human Rights Law of the State of New York, Executive Law § 296. Specifically, plaintiff charges that the defendant Southridge Cooperative, Section I, Inc. ("Southridge I"), an apartment cooperative, discriminated against him on the basis of race, color and national origin in disapproving his apartment purchase.

On November 1, 1985, the Court granted plaintiff's request to consolidate his motion for a preliminary injunction with the trial on the merits of plaintiff's request for permanent injunctive relief. For the reasons set forth below, the plaintiff's claim for injunctive relief is denied.

### Facts

In April 1985, plaintiff contracted with a shareholder-lessee of Southridge I for the sale of a $30,000 apartment. In accordance with the proprietary lease and the cooperative's by-laws, plaintiff was required to obtain the defendant's consent to the sale. Accordingly, plaintiff submitted an application to the defendant's management office in April 1985.

Southridge I has certain minimum financial requirements that an applicant must satisfy before his application will be processed. *See* Southridge I Handbook for Cooperators, Defendant's Exhibit D (Tr. at 9). The applicant is solely responsible for submitting the necessary documentation in support of his application and is informed at the time he submits the application that withholding any material information will cause disapproval. Plaintiff's Exhibit 2 (Tr. at 48–49). Plaintiff concedes that he read, understood and agreed to be bound by defendant's terms (Tr. at 48–49).

Plaintiff's April 1985 application was rejected since he failed to meet certain of these minimum requirements. Specifically, plaintiff failed to demonstrate that: (a) he had been continuously employed by the same employer for a one year period, and (b) he had sufficient cash or assets to purchase the apartment (Tr. at 85, 115). His July, 1985 "revised application" was rejected for the same reasons (Tr. at 118).

In August 1985, plaintiff filed a complaint with the New York State Division of Human Rights, alleging that his rejection was due to unlawful discrimination. That complaint is still pending.

Finally, on October 5, 1985, plaintiff submitted a third application for the apartment. Defendant's representatives refused to consider this application since (a) they had already determined in July that plaintiff did not meet the employment stability requirement, and (b) they had been advised that another individual had applied for the apartment and that his/her application was pending.

This action was filed on October 22, 1985.

### Discussion

#### Injunctive Relief

■ In order to state a prima facie case of housing discrimination, the plaintiff must establish the following elements:

(1) that he is a member of a protected class;

(2) that he applied for and was qualified to purchase the housing;

(3) that he was rejected; and

(4) that the housing opportunity remained unavailable.

*Robinson v. 12 Lofts Realty, Inc.*, 610 F.2d 1032, 1036 (2d Cir.1979). If the plaintiff can show a prima facie case of discrimination, the burden shifts to the defendant to come forward with a legitimate non-discriminatory reason for its action. *Id.* at 1039. If the defendant comes forward with such a reason, then the burden shifts back to the plaintiff to prove that the proffered reason is, in fact, a pretext for discrimination. *Id.* at 1039–40.

■ Upon reviewing the record in this case, I find that, insofar as the April and July applications are concerned, plaintiff has not established that he was qualified to purchase the apartment. Plaintiff admitted at the hearing that when he applied to Southridge I in April 1985, he had worked for his employer for less than one year (Tr. at 67). Moreover, plaintiff admitted that his application did not include proof of sufficient cash or assets to cover the $30,000 purchase price of the apartment (Tr. at 44–45). *See* Defendant's Ex. A.

■ Likewise, plaintiff's July 1985 "revised application" did not indicate that he had enough assets to purchase the apartment (Tr. at 94–95). *See* Defendant's Ex. E. Although this reason alone would have been sufficient for rejecting plaintiff's application, defendant also determined that plaintiff had not proven that he could meet the job stability requirement. Since this determination proves relevant to the defendant's refusal to consider plaintiff's subsequent (October) application, it is appropriate to discuss it at this juncture.

Plaintiff testified that he started working for Rodale Electronics on June 12, 1984 (Tr. at 5). He also testified that from June 17, 1985 until August 23, 1985, he went to work for Grumman Aerospace Corporation (Tr. at 8). Thus, it would seem that in the year prior to July, 1985, plaintiff was not continuously employed by a single employer. Indeed, plaintiff's July application listed Rodale, Grumman and National Technologies, Inc. as his employers, and included two check stubs from National Technologies. *See* Defendant's Exhibit E.

Plaintiff claims, however, that he was merely on loan to Grumman from Rodale during the summer of 1985, and thus, that he had, in fact, been continuously employed by Rodale for over one year. This explanation is belied by the fact, however, that plaintiff admitted that he was paid by another source (Tr. at 63–64), that he advised the broker involved in the underlying housing transaction that he had changed jobs (Tr. at 63; Def.Ex. B) and that he filed a complaint in the State Human Rights Divi-

sion wherein he stated under oath that he offered to "return to [his] previous job" (Tr. at 69; Def.Ex. C). Accordingly, it appears that, as of July 1985, plaintiff had not demonstrated that he met Southridge I's employment stability requirement.

Plaintiff contends, however, that, in any event, he was qualified to buy the apartment as of his October application, since that application included a bank statement demonstrating that he had sufficient assets to cover the purchase price, and a letter from Rodale dated September 6, 1985 indicating that he had been in their employ for over one year. *See* Plaintiff's Ex. 7.

■ Even assuming that plaintiff has demonstrated that he was qualified to buy the apartment in October, however, I find that defendant has proffered a legitimate non-discriminatory reason for its action. Defendant has indicated that it refused to consider plaintiff's October application based upon (1) its previous determination that plaintiff did not meet the employment stability requirement (Tr. at 83) and (2) information it had received regarding a competing applicant (Tr. at 124). Plaintiff has failed to prove that the proffered reasons were a pretext for discrimination.

Accordingly, plaintiff's request for injunctive relief is denied.

### Right to Jury Trial

In a letter to the Court dated November 14, 1985, plaintiff asserts that even if his motion for injunctive relief is denied, he is nonetheless entitled to a jury trial on his damages claim. It appears that plaintiff's contention is correct.

■ Clearly, where, as here, a trial by jury is timely and properly demanded on a legal claim for damages, that right remains intact notwithstanding the fact that the legal claim is joined with an equitable claim. *See Curtis v. Loether,* 415 U.S. 189, 196 n. 11, 94 S.Ct. 1005, 1009 n. 11, 39 L.Ed.2d 260 (1974); *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 510–11, 79 S.Ct. 948, 956–57, 3 L.Ed.2d 988 (1959). Moreover, the right to a jury trial on legal claims is not lost by virtue of prior determi-

nation of the equitable claims. *See Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 472–73, 82 S.Ct. 894, 896–97, 8 L.Ed.2d 44 (1962). Indeed, Rule 65(a)(2), which authorizes consolidation of a preliminary injunction hearing with a trial on the merits of equitable claims, states that the rule "shall be so construed and applied as to save to the parties any rights they may have to trial by jury." Fed.R.Civ.P. 65(a)(2).

In fairness, however, the parties should be given an opportunity to brief the issue. Accordingly, defendant is directed to submit its brief, if any, on or before January 10, 1986. Plaintiff shall submit his responsive papers on or before January 20, 1986.

### Motions to Dismiss

■ Defendant contends, however, that, in any event, certain of plaintiff's claims must be dismissed as a matter of law. First, defendant argues that plaintiff is barred from raising his claims under the Human Rights Law of the State of New York in this court, since he elected to file a complaint with the New York State Division of Human Rights. N.Y. Executive Law § 297(9). *See Collins v. Manufacturers Hanover Trust Co.,* 542 F.Supp. 663, 672–73 (S.D.N.Y.1982). I agree. Accordingly, plaintiff's state claims are dismissed.

■ Moreover, defendant contends that plaintiff's claims under 42 U.S.C. §§ 1981–1982 are insufficient as a matter of law. Defendants assert, correctly, that unlike the Fair Housing Act, which proscribes discrimination on the basis of national origin, sections 1981–1982 encompass only claims for racial discrimination. *See Jones v. Alfred H. Mayer Co.,* 392 U.S. 409, 413, 88 S.Ct. 2186, 2189, 20 L.Ed.2d 1189 (1968). Thus, defendant argues that plaintiff's "mere assertion" that he was discriminated against because he is Hispanic does not constitute an allegation of racial discrimination under these sections.

■ However, plaintiff does, in fact, allege discrimination on the basis of his race. Moreover, several courts in this Circuit have held that a person of Hispanic background can state a claim of discrimination

based upon race under sections 1981–1982. *See e.g., Garcia v. Gardner's Nurseries, Inc.,* 585 F.Supp. 369, 375 (D.Conn.1984); *Pollard v. City of Hartford,* 539 F.Supp. 1156, 1164 (D.Conn.1982). *Cf. Khawaja v. Wyatt,* 494 F.Supp. 302, 305 (W.D.N.Y. 1980). Although I am not convinced that plaintiff has established a case of racial discrimination, I find that he is entitled to prove his claim at a jury trial. Accordingly, defendant's motion to dismiss the § 1981–1982 claims is denied.

### Conclusion

Plaintiff's claims under the New York Human Rights Law are dismissed and his request for injunctive relief is denied. In all other respects, defendant's motion to dismiss is denied. The parties are directed to brief the open issue pursuant to the schedule set forth in this Order. In the event that no settlement has been reached by February 6, 1986, the parties are directed to appear before the Court on that date at 9:30 a.m. for a status conference.

SO ORDERED.