**John A. BURKS, Sr., Trustee for Malone Trust, Plaintiff,**

**v.**

**EAGAN REAL ESTATE INC., Richard S. Maestri, Earl Rathbun and Thomas Swan, Defendants.**

**No. 88–CV–923.**

United States District Court, N.D. New York.

June 19, 1990.

---

**50**

John A. Burks, Sr., Utica, N.Y., Trustee for Malone Trust plaintiff, pro se.

Hancock & Estabrook, David G. Linger, of counsel, Syracuse, N.Y., for defendants.

## MEMORANDUM–DECISION AND ORDER

McCURN, Chief Judge.

Plaintiff John A. Burks, Sr. ("Burks"), individually and as trustee for Malone Trust, commenced this $30,000,000.00 lawsuit against defendants Eagan Real Estate Inc. ("Eagan, Inc."), Richard S. Maestri ("Maestri"), Earl Rathbun ("Rathbun"), and Thomas Swan ("Swan") on August 31, 1988. Burks' complaint alleges that the defendants refused to negotiate or sell, and acted in concert in refusing to negotiate or sell to the plaintiff certain properties listed with defendant Eagan, Inc., which had Federal Housing Administration ("FHA") or Veteran's Administration ("VA") assumable mortgages. Burks alleges that the defendants' refusal was based upon the plaintiff race, which is black, thereby denying plaintiff civil rights accorded to him by 42 U.S.C. §§ 1981, 1982, 3604, and 3612. Defendants deny Burks' allegations, and request that this court strike plaintiff's pleadings for his failure to respond to defendants' interrogatories. Additionally, they claim that their refusal to forward the offers made for the properties to the homeowners was based on legitimate, nondiscriminatory reasons, and have therefore alternatively moved for summary judgment on plaintiff's complaint.

1. According to the plaintiff, Malone Trust is one of the owners of Coordinated Properties. *See* complaint, ¶ 1.

2. Eagan, Inc. is the agent of the sellers of the properties in question. Since it had no information or financial statements concerning Coordinated Properties, or the Malone and

## Background

Rathbun and Swan are licensed real estate sales persons who were employees of Eagan, Inc. on August 2, 1988. On this date, Swan met with David Randall ("Randall"), who claimed that he was a representative of Coordinated Properties, Inc. ("Coordinated Properties") and interested in purchasing real estate.[1] At Randall's request, Swan provided Randall with a listing of all residential properties for sale in the Syracuse, New York area which possessed FHA or VA mortgages. Randall subsequently returned to the offices of Eagan, Inc. and requested that it forward approximately forty-three (43) offers to the homeowners enumerated on the list given to Randall by Swan. Eagan, Inc. and its employees were uncertain as to whether it could professionally negotiate and deliver such a large quantity of offers simultaneously, and therefore suggested that Randall make offers for the properties desired four (4) at a time.

On August 11, 1988, before any representative of Coordinated Properties or Malone Trust had examined any of the forty-three (43) properties, Randall delivered four purchase offers to Eagan, Inc. Each of the offers were for the full "Multiple Listing Service" listed price, and provided as a condition of sale that the seller give the buyer a second mortgage in the amount of the owner's equity. In effect, each of these offers was for no money down by the prospective buyer.

After receiving this offer, defendant Maestri, then treasurer of Eagan, Inc., requested a financial statement of Coordinated Properties, the Malone Trust, and the "April Trust", the entities listed in Randall's purchase offers as recipients of title upon closing. Neither Randall nor any of these entities ever tendered these financial statements to the defendants, their agents or employees.[2]

"April" Trusts, the defendants could not evaluate on behalf of the owners the financial condition of the prospective buyer or the viability of the offers.

During this August 11, 1988 meeting, Maestri also requested that Randall provide Eagan, Inc. with certification that Randall was an authorized agent of Coordinated Properties. On August 22, 1988 a document entitled "Coordinated Properties Incorporated Director's Resolution" was presented to Maestri. This certificate bore a handwritten "corporate seal" which indicated that Coordinated Properties was incorporated in the State of Delaware in 1985. After contacting the Corporations Division of the New York State Department of State, Maestri was informed that Coordinated Properties had not filed an application to conduct business in New York. Maestri then contacted the New York State Attorney General's Office, who informed Maestri that it was conducting an ongoing investigation of Coordinated Properties. As a result of the foregoing, Eagan, Inc. and its employees refused to present Coordinated Properties' purchase offers to the sellers.

On August 31, 1988 Burks filed the instant action alleging that the defendants violated, and conspired to violate, civil rights afforded him by 42 U.S.C. §§ 1981, 1982, 3604 and 3612.

On or about July 24, 1989, written interrogatories were served upon the plaintiff requesting certain information concerning the allegations contained in Burks' complaint. Despite defense counsel's requests, the plaintiff failed to timely respond or object to these interrogatories within the thirty (30) days provided by Rule 33(a) of the Federal Rules of Civil Procedure. Consequently, the defendants brought a motion seeking, *inter alia*, an order compelling a response to their interrogatories. By its order dated February 13, 1990, this court directed the plaintiff to respond to the outstanding interrogatories served on behalf of the defendants within thirty days (30) after the date of service of a copy of the court's order on Burks. A copy of this order was filed and served by mail on the defendant on March 5, 1990. To date, the plaintiff has not responded in any way to these interrogatories, nor has he requested an extension of time with which to answer the same.

*Discussion*

At the outset, it should be noted that the plaintiff never submitted any papers in opposition to this motion, or appeared at oral argument to contest the defendants' motions, and therefore this court could grant their motions without reaching the merits of defendants' arguments, pursuant to the Northern District of New York's local Rule 10(g). *See Boyer v. Anheuser–Busch Inc. et al.,* 88–CV–247, slip op. at 4, 1989 WL 156213 (N.D.N.Y. Dec. 22, 1989). However, since the defendants are entitled to summary judgment on plaintiff's complaint under sound legal principles, this court will discuss the merits of their arguments.

Defendants claim that this court should strike plaintiff's pleadings, and either dismiss Burks' complaint or enter a default judgment against him because the plaintiff has refused to comply with this court's order which directed Burks to respond to the defendants' interrogatories.

Rule 37 of the Federal Rules of Civil Procedure permits a court to sanction a party who fails to comply with a court's order. This rule provides, in part:

(2) Sanctions by Court in Which Action is Pending. If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

\*     \*     \*     \*     \*     \*

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party....

A court should not impose such a drastic remedy unless the party's failure to provide court-ordered discovery results from bad faith or gross negligence. *See T.E. Quinn Truck Lines v. Boyd, Weir & Sewell,* 91 F.R.D. 176, 178 (W.D.N.Y.1981),

*Unicure, Inc. v. Thurman,* 97 F.R.D. 7, 10–11 (W.D.N.Y.1982).[3]

■ A default judgment should only be entered by the court in those rare cases where a party's conduct represents such "flagrant bad faith" and "callous disregard" of his or her obligation under the Rules so as to warrant the sanction not only for the purpose of preventing prejudice to the party seeking the discovery but also as a necessary deterrent to others. *See Wilson v. Volkswagen of America, Inc.,* 561 F.2d 494, 503–05 (4th Cir.1977), *cert. denied,* 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 768 (1978), *Buckeye Union Ins. Co. v. Boggs,* 109 F.R.D. 420, 421–22 (S.D. W.Va.1986). In the instant case, this court need not consider whether Burks' conduct should be sanctioned, because the defendants are entitled to summary judgment on plaintiff's discrimination claims.

■ Courts have uniformly held that a plaintiff establishes a *prima facie* case under either 42 U.S.C. §§ 1981, 1982 or 42 U.S.C. § 3601 *et seq.* by proving that:

(1) the plaintiff is a member of a racial minority;

(2) he or she applied for and was qualified to rent or purchase certain property or housing;

(3) he or she was rejected; and

(4) the housing or rental property remained available thereafter.

*See Selden Apartments v. U.S. Dept. of Housing & Urban Develop.,* 785 F.2d 152, 159 (6th Cir.1986) and cases cited therein.

In the instant case, Burks and Randall are members of a racial minority. Advancing to the third and fourth elements of plaintiff's claim, Randall's offer was rejected by Eagan, Inc., and the property in question remained available after this rejection. However, it is far from clear whether Burks or Malone Trust was qualified to purchase the property in question. Burks, purportedly through Randall, attempted to purchase over forty (40) properties listed with Eagan, Inc. However, the

formal offers made concerning these properties all listed as a condition of sale that the seller give the buyer a second mortgage equal to the amount of the owner's equity in his or her property. Thus, the offers were effectively for no money down to the prospective buyer. Due to the large number of properties sought, the manner in which the same were to be purchased, and the fact that the defendants had a duty to evaluate, on behalf of the homeowners, the financial condition of the prospective buyer and the viability of the offers in question, the defendants requested that Randall provide Maestri with financial statements concerning Coordinated Properties and the Malone and "April" Trusts. Neither the prospective buyer nor the subject entities ever tendered such financial statements, and to this day have not turned over to the defendants documents whereby the defendants could evaluate whether Randall was, in fact, able to purchase the subject property. Since neither Randall nor Burks proffered any evidence in response to the instant motion demonstrating that they were qualified to purchase the properties in question, the plaintiff has failed to establish one of the elements of a *prima facie* case of discrimination under either 42 U.S.C. §§ 1981, 1982 or 42 U.S.C. § 3601 *et seq.,* and therefore his complaint could be dismissed on that basis alone.

However, even assuming, for purposes of this motion, that Randall was so qualified, and that he therefore has established a *prima facie* case of discrimination, the burden of production would next shift to the defendants to articulate some legitimate, nondiscriminatory reason for their actions. *See Selden Apartments, supra,* 785 F.2d at 160, *Chauhan v. M. Alfieri Co., Inc.,* 897 F.2d 123, 127 (3rd Cir.1990), *Jiminez v. Southridge CO–OP., Section I, Inc.,* 626 F.Supp. 732, 734 (E.D.N.Y.1985) (citing *Robinson v. 12 Lofts Realty, Inc.,* 610 F.2d 1032, 1039 (2d Cir.1979)).

In the instant case, the defendants have proffered several legitimate, nondiscrimina-

---

**3.** Particular care should be taken by the court in imposing sanctions when one of the parties in the action is appearing *pro se. See Bobal v.*

*Rensselaer Polytechnic Institute et al.,* 916 F.2d 759 (2d Cir.1990).

tory reasons for their actions. Maestri has testified that he refused to forward Coordinated Properties' offers to the prospective sellers because he had questions concerning (i) the ability of Coordinated Properties to legally conduct business in New York State, (ii) the refusal of Coordinated Properties to allow Eagan, Inc. to prepare standard purchase offers, (iii) the completeness of Coordinated Properties' offers, (iv) Eagan Inc.'s ability to investigate the financial condition of Coordinated Properties in a sale involving no money down on Coordinated Properties' part, (v) the fact that the purchase offers were made without any agent or representative of Coordinated Properties viewing the subject properties, and (vi) the existence of an on-going investigation of Coordinated Properties by the New York State Attorney General's Office.[4]

Since the defendants have proffered legitimate reasons for their actions, the burden of production shifts back to the plaintiff to prove that the reasons asserted by the defendants are in fact a mere pretext for discrimination. *See Jiminez, supra,* 626 F.Supp. at 734, *Robinson, supra,* 610 F.2d at 1039–40, *Chauhan, supra,* 897 F.2d at 127–28. In the instant case, Burks has completely failed to meet this burden.

In response to defendants' motion for summary judgment, the plaintiff has not supplied this court with any affidavits, depositions, or other proof which discredit, in any way, defendants' aforementioned testimony or creates a question of fact concerning the defendants' reasons for not forwarding Coordinated Properties' offers to the prospective sellers.

In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), the Supreme Court held:

> Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

is entitled to judgment as a matter of law." By its very terms this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact (emphasis in the original).

*Id.* at 247–48, 106 S.Ct. at 2509–10. *See also Greene v. Town of Blooming Grove,* 879 F.2d 1061, 1063 (2d Cir.1989).

Since the plaintiff has failed to raise a genuine issue of material fact concerning the defendants' actions in the instant proceeding, the defendants are entitled to summary judgment on plaintiff's complaint.

## Conclusion

The plaintiff has failed to establish a *prima facie* case of discrimination under either 42 U.S.C. §§ 1981, 1982 or 42 U.S.C. § 3601 *et seq.,* because Burks failed to prove that he (or entities for which he is allegedly a trustee) was qualified to purchase the properties in question. Additionally, the plaintiff has failed to proffer any evidence which demonstrates that the reasons articulated by the defendants for their refusal to submit Coordinated Properties' offers to the respective homeowners was a mere pretext for discrimination. Consequently, the defendants' motion for summary judgment on plaintiff's complaint is granted.

IT IS SO ORDERED.

---

**4.** *See* affidavit of Richard S. Maestri, 5/8/90, ¶ 15.