■ JOHN R. SIMMONS et al., Appellants, v. WESTWOOD APARTMENTS COMPANY, INC., Respondent.— Judgment unanimously affirmed, without costs of this appeal to either party. New finding of fact made. Memorandum: This is the second time that this case has been before us. Upon the first appeal, we reversed a judgment in favor of the plaintiffs and granted a new trial (23 A D 2d 528). Both the first and second trials were without juries. Upon the first appeal, the plaintiffs claimed title to a strip of land 10½-feet wide immediately east of the east boundary of Whedon Road. They contended that a deed which they had given previously to Grand Union, the defendant's predecessor in title,

contained certain interlineations which were improperly inserted without authorization from them. Questions were presented as to whether the defendant had the right to rely upon the record title and was in fact a good faith purchaser for value, whether there was an estoppel against the plaintiffs, whether it was intended by the plaintiffs, as grantors of the deed to Grand Union, to convey title to the easterly boundary of said Whedon Road and, as aforesaid, whether the interlineations were inserted without the knowledge or authority of the plaintiffs. We found that the plaintiffs had failed to sustain their burden as to these various matters, and we granted a new trial to give the plaintiffs a further opportunity to establish their contentions. The record presently before us is no more productive, so far as the plaintiffs are concerned, than the last one, and in view of the fact that the plaintiffs have again failed to establish their contention that certain documents involved contained incorrect and improper descriptions, we find that we must rely upon the documentary descriptions for the answer to what the deed to Grand Union conveyed, was intended to convey, and what the plaintiffs were obligated to convey. In the contract of sale between the plaintiffs and Grand Union, which described the property to be conveyed, the general description ran to the westerly line of Whedon Road. Then there was excepted a strip of land 60-feet wide off the westerly side of the above-described premises, known as Whedon Road. The property excepted was also described as the property shown in a survey made by A. R. Holmes dated December 18, 1956. Thus, the lands described to be conveyed ran to the easterly boundary of Whedon Road wherever it was, and included the 10½-foot strip in question. The survey confirms this. Therefore, the deed as interlineated conveyed what the plaintiffs were legally bound to convey — no more, no less. That being so, the plaintiffs have divested themselves of all title to the 10½-foot strip and are in no position to attack the defendant's title. They retained no frontage on Whedon Road. Having decided that the plaintiffs cannot sustain their own claim of title, it is not necessary for us to reach the questions of authority to interlineate, knowledge or intention on the part of the plaintiffs of such interlineations, estoppel, or the possible effect of recording acts, all of which were considered by the Trial Judge, or the findings of the Trial Judge in relation thereto. (Appeal from judgment of Onondaga Trial Term dismissing complaint on the merits in an action for trespass.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ. [46 Misc 2d 1093.]