John R. Tenney, J.
Plaintiff leased one of its trucks to the defendant pursuant to the terms of its regular rental contract. While operating plaintiff’s vehicle, the defendant was involved in a one-oar accident in Massachusetts. Plaintiff seeks through *849 this action to recover the amount of its damages from the defendant. There are two portions of the contract which are involved in this matter, which are stated as follows:
1. * * * the vehicle ¡shall not be operated * * * by any person who is not duly licensed. * '* *
“ 8. Renter agrees to release, indemnify and hold Owner harmless from and against * * *
“ (d) Loss or damage to the vehicle * * * provided, however that Renter’s liability shall be limited to $100.00 * * * provided however that Renter shall be fully liable for all collision damage if the vehicle is used, operated or driven in violation of any of the provisions of the contract. ’ ’ (Italics ¡supplied.)
The parties have stipulated the facts and .submit this matter to the court for an interpretation of the contract. As part of the stipulated facts, it is conceded that defendant’s driver was licensed but did not have the proper driver’s license to operate the particular type of vehicle leased to defendant.
Plaintiff claims that defendant’s failure to have the proper form of license, to wit, a chauffeur’s license, was a breach of the contract. The truck rental contract does not specify that the renter possess a chauffeur’s license. All it indicates is that a valid operator’s license was presented which is apparently all plaintiff required. However, the New York State Vehicle and Traffic Law (§§ 106, 501) provides that a person who operates a vehicle such as plaintiff was renting, without a chauffeur’s license, is not a “ duly licensed ” driver.
Thus, defendant drove the vehicle in violation of the contract, since he was not legally a ‘ ‘ duly licensed ’ ’ driver. May plaintiff be precluded by his conduct from using that breach of the contract as a basis for establishing liability under a theory of estoppel? By definition, to constitute estoppel, the person sought to be estopped must do some act or make some admission which is inconsistent with the claim he proposes now to make. The other party too must have acted upon the strength of such admission or conduct. (New York Rubber Co. v. Rothery, 107 N. Y. 310, 316.) “ It is sufficient that the plaintiffs knew or had reason to believe that their acts or inaction might prejudice another (21 N. Y. Jur., Estoppel, § 30.)- Where there is a duty on the part of the plaintiffs to speak and they fail to speak to the damage of another, they may be estopped. (Wilson v. Parshall, 54 Hun 637, opn. in 7 N. Y. S. 479, affd. 129 N. Y. 223; 21 N. Y. Jur., Estoppel, § 42.) The duty to speak is not necessarily a legal obligation to do so but it is founded upon a sense of justice and fair play invoked by the *850 courts to compel a man to act when in all good conscience an honest man would have acted. (21 N. Y. Jur., Estoppel, § 45.) ” (Simmons v. Westwood Apts. Co., 46 Misc 2d 1093, 1096-1097.)
An estoppel does not originate any legal right. It ‘ ‘ rests upon the word or deed of one party upon which another rightfully relies and so relying changes his position to his injury. When this occurs it would be inequitable to permit the first to enforce what would have been his rights under other circumstances ”. (Selzer v. Baker, 295 N. Y. 145, 149 and cases cited.)
Plaintiff is in the truck rental business. One of the incentives it offered in bold red letters on the face of its contract was its assumption of all damage costs in excess of $100. Upon examination of defendant’s operator’s license, it knew that defendant would lose that .right if he operated the vehicle. Plaintiff had a duty to speak and elected to stand mute. Defendant assumed that his contract would not be affected if he drove the truck, because he was accepted as a duly licensed driver regardless of the Vehicle and Traffic Law. Plaintiff seeks to use the law, which it chose to ignore, to recover from defendant.
Under these facts, it would be inequitable to permit plaintiff to escape from a responsibility which it assumed, and upon which defendant relied. It is unconscionable to allow one to offer consideration to another which is relied upon, with full knowledge that if he acts, as it is apparent he will act, the promise will be unenforceable. This is the basis to the doctrine of estoppel.
Plaintiff is awarded judgment in the amount of $100 consistent with its contract.