Henry J. **BERNSTEIN** and Edna
Bernstein, Plaintiffs,

v.

URIS **BUILDINGS CORPORATION**, a
Corporation of the State of
New York, Defendant.

No. 67 Civ. 1729.

United States District Court,
S. D. New York.

April 15, 1970.

Edmund R. Bernhard, Flemington, N. J., for plaintiffs.

J. Robert Morris, New York City, for defendant; John J. Bradbury, Long Island, N. Y., of counsel.

## MEMORANDUM

COOPER, District Judge.

Plaintiff moves, pursuant to Rule 15 (c), F.R.Civ.P., for leave to amend his complaint to correct a mistake concerning the identity of the proper party defendant by substituting Uris 245 Park Corporation ("Uris 245") for and instead of Uris Building Corporation ("Uris").

The parties appear to concede that the relevant statute of limitations period has expired; thus this requested amendment may be permitted only if it relates back to the date of the commencement of the action. There is no question that the claim sought to be asserted against Uris 245 arose out of the conduct, transaction or occurrence set forth in the original complaint. Rule 15(c) provides that such an amendment will relate back to the filing date of the initial complaint if "within the period provided by law for commencement of the action," Uris 245 had "(1) received such notice of the institution of the action;" that it "will not be prejudiced in maintaining its defense on the merits," and "(2) knew or should have known that, but for a mistake concerning the identity of the proper party, an action would have been brought against it."

From the evidence before us, we find both elements satisfied.

 Although it is well established that Rule 15(c) cannot be asserted to frustrate the policy of the statute of limitations, 3 Moore's Federal Practice, ¶15.-15[4–1], where there is such identity of interest between the party originally named as defendant and the new party sought to be substituted, relief should be granted.

The two corporations are not, as plaintiff alleges "one and the same;" however, they are substantially similar, sharing officers and directors in common. The principal place of business of each is the same office at 850 Third Avenue, New York, New York; only Uris's name appears on the building directory. The identity of management and location establishes essentially that notice to one was notice to the other. Uris 245 has had the opportunity, from the very outset of this litigation, to prepare its defense on the merits.

 Plaintiff commenced this suit on April 27, 1967. Defendant, after filing an answer containing general denials, delayed in answering interrogatories submitted October 10, 1967 until March 3, 1969 when for the first time it informed plaintiff of his mistake in naming an improper party.

> Surely, under amended Rule 15(c), a party which knows that it is the intended defendant can neither take steps which lead the plaintiff down the garden path, nor can it sit back and knowingly take advantage of plaintiff's mistake. The result would be no different even if plaintiff were negligent. Marino v. Gotham Chalkboard Mfg. Corp., 259 F.Supp. 953 (S.D.N.Y.1966).

Accoringly, plaintiff's motion to amend his complaint to name as defendant Uris 245 Park Corporation in the place and stead of Uris Building Corporation is granted, and the amendment shall relate back to the date of the commencement of this action. Further, Uris 245 Park Corporation will be deemed substituted for Uris Building Corporation in all proceedings heretofore had herein and in all pleadings and papers heretofore filed herein.

Settle order on notice.