Sidney Leviss, J.
This is an action to foreclose a mortgage on real property and to enforce a security agreement and personal guarantees.
On December 20, 1973 defendant Dido Realty, to secure a building loan, executed and delivered to plaintiff First Mortgage Investors its note for $1,250,000, payable monthly for 18 months, with interest at the rate of 4.25% above the New York prime rate. As collateral security for the payment of the note, the parties entered into a mortgage agreement on December 20, 1973 covering the real property under construction by the defendant in Queens County. The note and mortgage provided for acceleration at the option of the plaintiff after default in the payment of any installment of principal or interest. A general security agreement granting plaintiff a security interest in a schedule of chattels was also entered into and it gave plaintiff the right of enforcement on defendant’s default in the performance of any of the agreements between the parties. In conjunction with the building loan agreements the individual defendants executed a written guarantee of payment for defendant Dido Realty’s obligations.
On the default in the payment of interest due December 1, 1974, January 1, 1975, February 1, 1975 and March 1, 1975, plaintiff exercised its option to accelerate and commenced this foreclosure action. Although the defaults in interest payments were conceded at the trial, defendant Dido Realty contends that the court should deny foreclosure on the basis of estoppel and other equitable grounds in that plaintiff should have deducted the interest payments due from a building loan advance as requested by defendant.
For the plaintiff in this action to be equitably estopped, defendant must establish: " '(1) Conduct which amounts to a false representation or concealment of material facts * * * (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; (3) knowledge, actual or con *403 structive, of the real facts. As related to the party claiming the estoppel [the essential elements] are: (1) Lack of knowledge * * * (2) reliance upon the conduct of the party estopped; and (3) action based thereon of such a character as to change his position prejudicially.’ ” (Matter of New York State Guernsey Breeders Co-op. v Noyes, 260 App Div 240, 248, mod on other grounds 284 NY 197; see, too, Triple Cities Constr. Co. v Maryland Cas. Co., 4 NY 2d 443.)
The proof in this action fails to support the claim of an equitable estoppel. Defendant has presented no evidence that plaintiff fraudulently represented that it would accede to defendant’s request and deduct interest payments from unadvanced loan principal or that defendant relied on any such acts by plaintiff or changed its position in any way.
No evidence of oppressive or unconscionable conduct on plaintiff’s part has been presented, moreover, which would justify equitable intervention by the court. The agreements voluntarily entered into by the defendant clearly provide that plaintiff had the right to withhold future advances of principal from defendant on a default in interest payments. Plaintiff is entitled to strictly insist on its contractual rights and its demand for the payment of interest when due cannot be deemed inequitable or oppressive (Graf v Hope Bldg. Corp., 254 NY 1). In the absence of an estoppel or oppressive and unconscionable acts by plaintiff, the court is duty bound to enforce the mortgage as written by the parties (Ferlazzo v Riley, 278 NY 289; Graf v Hope Bldg. Corp., supra; Shell Oil Co. v McGraw, 48 AD2d 220; Strochak v Glass Paper Making Supplies Co., 239 App Div 312).
In addition to an equitable defense, defendant asserts the defense of usury based on its computations which show an effective rate of interest on the loan in excess of 25% per annum in violation of the statutory proscription applicable to corporate borrowers. (General Obligations Law, § 5-521, subd 3; Penal Law, § 190.40.)
In determining whether the interest charged on a loan is usurious, the courts traditionally have looked beyond the form of the transaction to its substance (Vee Bee Serv. Co. v Household Fin. Corp., 51 NYS2d 590, 597-598, affd 269 App Div 772). At issue in this action is not the rate of interest on the basic transaction on which no usury claim is being made, but whether an "interest and purchase discount” of $103,050, a "standby commitment fee” of $12,500, and a "non-refunda *404 ble processing fee” of $18,750 constitute additional interest which, when added to the interest rate on the note and mortgage, render the transaction usurious.
The testimony with respect to the rate of interest offered by defendant to support its affirmative defense of usury is insufficient to establish the claim since defendant’s calculations are premised on the assumption that the above-mentioned items were funds unavailable to defendant and thus a discount on the loan. Contrary to defendant’s contentions, with respect to the processing and standby commitment fees the proof adduced at trial establishes that these fees were not disguised interest but were reasonable, actual expenses of the transaction which the plaintiff, as lender, was entitled to pass on to defendant, as borrower (see Brown v Robinson, 224 NY 301, 314; Boston Rd. Shopping Center v Teachers Ins. & Annuity Assn. of Amer., 13 AD2d 106). The testimony with respect to the $103,050 "interest and purchase discount” established that this sum was not a true discount but was a reserve fund which became available to defendant on a monthly basis for the payment of interest on the loan. The nature of the interest reserve fund is therefore distinguishable from potentially usurious instances in which a lender retains a portion of the loan as security for repayment while charging interest on the whole amount (see, e.g., Vee Bee Serv. Co. v Household Fin. Corp., 51 NYS2d 590, affd 269 App Div 772, supra).
Accordingly, plaintiff is awarded judgment on the complaint and defendants’ counterclaims are dismissed.