**Leonard HINTON, Plaintiff,**

v.

**Robert F. PATNAUDE, Darren C. Donnelly, Martin Kosich, Charles Dauchern and Green County, New York, Defendants.**

**No. 92–CV–405.**

United States District Court,
N.D. New York.

Aug. 2, 1995.

William J. Rold, New York City, for plaintiff.

Dreyer, Boyajian & Tuttle, Albany, NY (Brian W. Devane, Jill A. Dunn, of counsel), for defendants, Kosich, Daucher, and Greene County.

Dennis Vacco, Attorney General of the State of New York, Department of Law, Albany, NY (David B. Roberts, of counsel), for defendants, Patnaude and Donnelly.

## MEMORANDUM DECISION & ORDER

McAVOY, Chief Judge.

Plaintiff Leonard Hinton brought this suit against the above captioned defendants under title 42 U.S.C. section 1983, alleging violations of his constitutional rights. Specifically, plaintiff seeks relief from defendants' violations of his civil rights under the Fourth and Fourteenth Amendments to the United States Constitution flowing from alleged brutality and unreasonable and excessive use of force against him by New York State Police personnel. Plaintiff further claims that he has been denied his Eighth Amendment right to be free from deliberate indifference to his serious medical needs. In addition to these claims, plaintiff brings before the court a pendent state claim for medical malpractice as against defendant Dr. Martin Kosich pursuant to 28 U.S.C. section 1367. Plaintiff seeks declaratory, compensatory and punitive damages.

This matter was referred to Magistrate Judge David N. Hurd pursuant to standing order dated August 2, 1985. Defendants Kosich, Daucher, and Greene County filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56. After considering the motions, the magistrate judge issued a report recommendation, dated August 25, 1994, in which he recommended that 1) the motion for summary judgment be denied and 2) the motion for dismissal of defendants Dr. Charles Kosich, Sheriff Charles Daucher and Greene County (hereinafter "County defendants") be denied. The County defendants filed objections to the report recommendation and plaintiff responded. The court herein addresses defendant's objections and plaintiff's responses thereto.

## I. DISCUSSION

### A. Summary Judgment Standard

██ Under Fed.R. of Civ.P. 56(e), Summary Judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322,

106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Lang v. Retirement Living Pub. Co.,* 949 F.2d 576, 580 (2d Cir.1991); *Thompson v. Gjivoje,* 896 F.2d 716, 720 (2d Cir.1990). Under Rule 56, summary judgment provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are *no* fact issues that need to be tried. 10 C. Wright, A. Miller & Mary Kay Kane, *Federal Practice and Procedure,* Civil 2d section 2712, p. 569 (emphasis added). Thus, the rule may be utilized to separate formal from substantial issues, eliminate improper assertions, determine what, if any, issues of fact are present for the jury to determine, and make it possible for the court to render a judgment on the law when *no* disputed facts are found to exist. *Id.* (emphasis added).

██ The burden to demonstrate that no genuine issue of material fact exists falls solely on the moving party, *Heyman v. Commerce and Indus. Ins. Co.,* 524 F.2d 1317 (2d Cir.1975), and the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought. *Lang,* 949 F.2d at 576; *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Eastway Constr. Corp. v. New York,* 762 F.2d 243, 249 (2d Cir.1985). To this end, summary judgment will not lie if the dispute about a material fact is genuine. *Id.* A dispute is genuine "if evidence is such that a reasonable jury could return a verdict for the non-moving party" *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Therefore, only when reasonable minds could not differ as to the import of the evidence is summary judgment proper. *See, Id.* 477 U.S. at 250–251, 106 S.Ct. at 2511. The judge's function, here, then, is not to weigh the evidence and determine the truth of the matter, *Kaminsky v. Rosenblum,* 737 F.Supp. 1309, 1315 (S.D.N.Y.1990), *quoting Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510, as is the prerogative of the finder of fact, *Murphy v. Provident Mutual Life Insurance Co.,* 923 F.2d 923, 930 (2d Cir.1990) (Kearse, J. dissenting); rather the judge's role is "to determine whether there does indeed exist a genuine

issue for trial." *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2511. It is in light of this standard that the Court examines Defendants' Motion for Summary Judgment.

### B. Application of the Standard

As the burden is on the moving party for summary judgment, the moving party must identify which materials it believes "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The county defendants, in their reply memorandum of June 10, 1994, assert that plaintiff has failed to raise any genuine issue of material fact to defeat their motion for summary judgment. Specifically, the county defendants allege that plaintiff's failure in his 10(j) statement to controvert facts contained in their 10(j) statement, regarding plaintiff's medical treatment, deems these facts admitted by plaintiff. The County defendants' argument follows that since these facts are admitted by plaintiff, then the county defendants are entitled to judgment as a matter of law.

■ The court agrees with the county defendants that if plaintiff has not controverted the adequacy of medical care in the county's 10(j) statement, they must be deemed admitted for purposes of this motion. The Second Circuit has in fact held that as to a statement of material facts which a party contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the non-moving party. *Glazer v. Formica Corp,* 964 F.2d 149, 154 (2d Cir.1992). However, the non-moving party is not confined to a 10(j) statement when seeking to controvert the moving party's facts. *See, Dusanenko v. Maloney,* 726 F.2d 82 (1984) (parties can use affidavits or other evidence to controvert any of the pertinent assertions in defendant's moving papers).

■ Therefore, the court can properly examine the record as a whole to see if the plaintiff has sufficiently controverted the

facts concerning the adequacy of the medical treatment and the medical treatment dates in the county defendant's 10(j) statement. Having done so, the court is not persuaded that the overall question of the adequacy of plaintiff's medical care is uncontroverted. While plaintiff has not controverted the county defendants' assertions point by point and date by date, plaintiff has claimed in his affidavits [1], which comport with Rule 56, *see, Celotex,* 477 U.S. at 322 n. 3, 106 S.Ct. at 2552, n. 3, that for six days after initial booking, he received no medical care from the Greene County Jail in spite of his serious medical condition. Furthermore, neither defendants' 10(j) statements, nor plaintiff's assumed failure to controvert the statements therein, answers the ultimate question of whether plaintiff received adequate medical care. See, *Liscio v. Warren,* 901 F.2d 274 (2d Cir.1990) (a jury could find that a correctional facility physician's failure to diagnose an inmate's serious condition constituted deliberate indifference). The factual assertions raised by the county defendants' 10(j) statement, even if proven at trial, do not necessarily answer the ultimate question of whether the county defendants provided proper medical care. Since this is the ultimate question of fact and is properly reserved for the jury, summary judgment is inappropriate. For the Court to attempt to decide the question of deliberate indifference on this record would require it to make an impermissible factual finding at summary judgment. *Liscio,* 901 F.2d at 276 (2d Cir.1990) *citing, Hathaway v. Coughlin,* 841 F.2d 48 (2d Cir. 1988). The dates of medical treatment do not resolve the ultimate issue of deliberate indifference.

■ The court finds that questions of fact persist as to whether Dr. Martin Kosich's, Sheriff Daucher's and Greene County's conduct constituted deliberate indifference to plaintiff's serious medical needs. A jury could reasonably conclude that Dr. Kosich's alleged failure to examine plaintiff after six days, including an intervening weekend, evi-

---

1. Plaintiff submits sworn statements of three experts: Michael Cohen, M.D.; Lou Reiter; and Camille C. Gannon, R.R.A. that establish questions of fact. For example, Dr. Cohen evaluated

Greene County jail and found that the "system of care at the jail was inadequate as it did not provide for assessment of immediate medical needs on admission".

dences deliberate indifference. Likewise, a jury could also conclude that plaintiff's requests for medical attention were initially ignored, which in turn caused plaintiff to collapse on December 23, 1994, and in turn be removed to an emergency room. It also remains for the jury to consider whether, and if not, why not, plaintiff's injuries were adequately assessed when he was examined by Doctor Kosich on December 27, 1994, as well as why Doctor Kosich or another doctor was not called to see the plaintiff in the absence of medical personnel at the jail. In light of these factual questions, summary judgment would be inappropriate at this time.

## C. Expert Testimony Admissibility

Federal Rule of Civil Procedure 37(c)(1) provides, in pertinent part:

(1) a party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.

■ This rule, as amended in 1993, now provides for the "automatic" exclusion of witnesses and information that was not disclosed despite a duty to disclose under Rule 26(a) or Rule 26(e)(1). *See, Advisory Committee Notes,* 146 F.R.D. 682, at 691 (1993). In large measure, this new sanction was "intended to put teeth into the mandatory initial disclosure requirements added by the 1993 amendments." 8A C. Wright, A. Miller & R. Marcus, *Federal Practice and Procedure:* Civil 2d section 2289.1, page 704. The sanction is automatic in the sense that the opposing party need not make a motion to compel disclosure, as authorized by Rule 37(a)(2)(A) in order to compel a further disclosure and as a predicate for imposition of the sanction of exclusion. *Id.*

However, the severity of this exclusion is softened by the proviso that the penalty should not apply if the offending party's failure to disclose was "substantially justified." Furthermore, even if the failure was not substantially justified the exclusion should not apply if the failure was "harmless." Fed. R.Civ.P. 37(c)(1); 8A Wright, Miller & Marcus, *Federal Practice and Procedure:* Civil 2d section 2289.1, page 705. The Advisory Committee viewed these provisions as "coupled" and designed "to avoid unduly harsh penalties." *Advisory Committee Notes,* 146 F.R.D. at 691. While this was meant to soften the impact with respect to initial disclosures required by Rule 26(a)(1), these provisions can also be offered to excuse failures to disclose as required by Rule 26(a)(2) and (a)(3), which deal, respectively, with testifying expert witnesses and pretrial disclosures. *See,* Wright, Miller & Marcus at 2289.1, page 705.

■ Imposition of sanctions under Rule 37 is a drastic remedy and should only be applied in those rare cases where a party's conduct represents flagrant bad faith and callous disregard of the Federal Rules of Civil Procedure. *Sterling v. Interlake Industries, Inc.,* 154 F.R.D. 579 (E.D.N.Y. 1994). *See also, Burks v. Eagan Real Estate Inc.,* 742 F.Supp. 49 (N.D.N.Y.1990) (discussing drastic remedy of default under Rule 37).

■ In their objections to the magistrate judge's report and recommendation, the Greene county defendants' object to plaintiff's untimely submission of reports and affidavits of expert witnesses not previously disclosed during discovery in opposition to the motion. The Court finds, however, in applying Rule 37 to this situation, plaintiff's conduct exhibits no "flagrant bad faith" or "callous disregard" for the Federal Rules of Civil Procedure. Indeed, plaintiff apparently made efforts to conform with the Rules.

In October 1993, Plaintiff's counsel and County Defendant's counsel entered into discussions regarding settlement of the claims against the County defendants. As a result of pending settlement, plaintiff's counsel suspended further trial preparation involving experts. It was not until six months later, in March 1994, that county defendants responded to the settlement offer: Since defendants were moving for summary judgment, settlement was rejected. It was not until then that plaintiff resumed medical expert discovery.

Because plaintiff's counsel was delayed by apparently good faith summary judgment,

the court finds no flagrant bad faith or callous disregard of the Federal Rules of Civil Procedure. *Sterling*, 154 F.R.D. at 579. In fact, plaintiff's counsel appears to have acted justifiably cost efficiently in light of this plaintiff's *in forma pauperis* status. Moreover, the untimely disclosure of the expert witnesses by plaintiff was harmless, as well as substantially justified. *See, Sterling*, 154 F.R.D. at 579; Fed.R.Civ.P. 37(c)(1); 8A Wright, Miller & Marcus, *Federal Practice and Procedure:* Civil 2d section 2289.1, page 705. The court, for all the foregoing reasons, deems the expert witness affidavits admissible.

## II. CONCLUSION

For all the foregoing reasons, then, the court adopts the report-recommendation of Magistrate Judge Hurd dated August 25, 1994 and the County defendants' Motion for Summary Judgment, Motion for Dismissal of Defendants, and Motion to preclude the reports and affidavits of plaintiff's expert witnesses is DENIED.

**IT IS SO ORDERED.**