**EQUANT INTEGRATIONS SERVICES, INC.**

v.

**UNITED RENTALS (NORTH AMERICA), INC. f/k/a UNITED RENTALS, INC.**

**No. 3:01 CV 1134(JBA).**

United States District Court, D. Connecticut.

Jan. 9, 2003.

Joseph M. Pastore, III, Barry G. Felder, Thomas J. Lengyel, Brown, Raysman, Millstein, Felder & Steiner, Hartford, CT, Laura Land Himelstein, Brown, Raysman, Millstein, Felder & Steiner, New York City, William J. Egan, Brown, Raysman, Millstein, Felder & Steiner, Hartford, CT, for plaintiff.

Joshua Laurence Milrad, Mound, Cotton, Wollan & Greengrss, New York City, Donald E. Frechette, Janet Marie Hemke, Jeffrey J. Medeiros, Edwards & Angell, Hartford, CT, for defendant.

## RULING ON PLAINTIFF'S MOTION TO STRIKE REPLY REPORT OF DEFENDANT'S EXPERT, THOMAS ROUTT

MARGOLIS, United States Magistrate Judge.

This action was initiated on June 19, 2001. (Dkt. # 1). On October 22, 2001, United States District Judge Janet Bond Arterton referred this case to this Magistrate Judge for discovery purposes. (Dkt. # 35). Familiarity with the legal and procedural history of this protracted litigation is presumed. Pending before this Court is plaintiff's Motion to Strike Reply Report of Defendant's Expert, Thomas Routt ["Routt"], affidavit and brief in support, filed November 1, 2002.[1] (Dkts. ## 95–97). Defendant filed its brief in opposition on December 2, 2002.[2] (Dkt. # 124). Seven days later, plaintiff filed its reply brief.[3] (Dkt. # 128).

For reasons stated below, plaintiff's Motion to Strike (Dkt. # 95) is **granted in part** to the extent set forth below.

## I. FACTUAL SUMMARY

On March 1, 2002, plaintiff filed the initial report of its expert, Del Swingle ["Swingle"] to which defendant's expert, Routt, responded on June 28, 2002 after defendant was

---

1. Two exhibits are attached to plaintiff's affidavit (Dkt. # 96): a table of contents page titled "Reply of Thomas J. Routt ... to Reply of Del Swingle ...," dated October 13, 2002, and excerpts from Routt's deposition, taken on October 17, 2002 (Exh. A); and a copy of correspondence between counsel, dated October 25, 2002 (Exh. B). Attached to plaintiff's brief in support (Dkt. # 97) are additional excerpts from the Routt deposition (Exh. A), and copies of case law, and copies of defendant's Motion for Extension of Scheduling Order Deadlines, filed April 2, 2002, and the endorsement by this Magistrate Judge, and a copy of this Court's Ruling on Pending Discovery Motions, filed April 17, 2002 (Exh. B).

2. Defendant filed its objection to plaintiff's Motion to Strike the Routt Reply Report with the erroneous caption, "Memorandum of Law in Support of Defendant's Objection to Plaintiff's Motion to Quash Subpoena of Robert Flock." (Dkt. # 124). The brief itself, however, clearly addresses the Routt report. (*Id.*). On December 9, 2002, defendant filed a duplicate brief, this time with the correct caption, "Memorandum of Law in Support of Defendant's Objection to Plaintiff's Motion to Strike Expert Reply Report of Thomas Routt." (Dkt. # 129).

3. Attached are excerpts from Routt's reply report. (Exh. A).

granted a ninety-day extension. (Dkt. # 97, at 2–3; Dkt. # 124, at 2–3). After receiving an extension to file the Swingle reply report, the report was filed on August 15, 2002. (Dkt. # 97, at 3; Dkt. # 124, at 3). Two months later, on October 16, 2002, defendant disclosed Routt's reply report, dated October 13, 2002, to plaintiff immediately after deposition of Swingle. (Dkt. # 97, at 3; Dkt. # 124, at 1–2). The following morning Routt was deposed. (Dkt. # 97, at 4; Dkt. # 124, at 4).

## II. DISCUSSION

Plaintiff moves to strike Routt's October 13, 2002 reply report and to prohibit defendant from introducing into evidence any testimony or information from the Routt reply report. (Dkt. # 95). In the alternative, plaintiff moves for such remedies as this Court may deem just, including awarding of attorneys' fees from the depositions of Swingle and Routt, and any costs and fees incurred in connection with a second deposition of Routt which plaintiff may seek to take in light of the late disclosure of Routt's reply report. (*Id.*). Plaintiff seeks to strike Routt's expert report on grounds that defendant has engaged in abusive discovery tactics through defendant's filing of Routt's reply report on the eve of the Routt deposition, after the conclusion of the Swingle deposition and approximately one month after the FED. R. CIV. P. 26(a)(2)(C) deadline. (Dkt. # 97, at 5–6; Dkt. # 128).

Defendant contends that plaintiff's motion should be denied for two reasons: (1) the October 13, 2002 Routt report was not untimely because (a) it was filed within the discovery deadlines set by this Court; and (b) the reply report does not fall within the rebuttal evidence clause of FED. R. CIV. P. 26(a)(2)(C) and; (2) even if the Court finds that it was filed untimely, plaintiff has not demonstrated any prejudice as a result of the alleged late disclosure. (Dkt. # 124).

The disclosure of expert testimony is governed by FED. R. CIV. P. 26. Rule 26(a)(2)(C) provides in pertinent part:

[the] disclosures [of experts] shall be made at the times and in the sequence directed by the court. In absence of other directions from the court ..., the disclosures shall be made at least 90 days before the trial date ... or, if the evidence is intended to solely contradict or rebut evidence on the same subject matter identified by another party under paragraph 2(B), within 30 days after the disclosure made by the other party.

The 1993 Advisory Committees Notes to Rule 26(a)(2) state that "[n]ormally the court should prescribe a time for these disclosures in a scheduling order under Rule 16(b) ...." However, "[i]n absence of such a direction, the disclosures are to be made" in accordance with the time lines dictated by the Rule. FED. R. CIV. P. 26(a) 1993 Advisory Committee's Note. Specifically, "an additional 30 days is allowed (unless the court specifies another time) for disclosure to be used solely to contradict or rebut the testimony that may be presented by another party's expert." *Id.*

In this case, the deadline for the parties to complete expert discovery is now February 12, 2003.[4] Defendant notes that expert discovery is continuing and neither party has completed liability and damages expert depo-

---

4. This deadline is the result of three extensions, granted by this Magistrate Judge, filed by plaintiff with the consent of defendant. (*See* Dkts. ## 87, 98–99 & 133). The first was filed on October 11, 2002 (four days before the original deadline of October 15, 2002)(Dkt. # 87) and was granted on October 17, 2002, extending the deadline to October 31, 2002. The second was filed on November 1, 2002 (Dkt. # 98), and was granted on November 8, 2002, extending the deadline to complete expert discovery to December 30, 2002. The latest was filed on December 16, 2002 (Dkt. # 133), and was granted on December 18, 2002, extending the deadline to February 12, 2003.

The Scheduling Order, issued by United States District Judge Janet Bond Arterton on August 26, 2002 (Dkt. # 78), supersedes the original order issued September 1, 2001. (Dkt. # 19). As of the August 26th order, discovery was to be complete by October 1, 2002. (Dkt. # 78). This order does not reference an expert discovery deadline. The parties have sought numerous extensions of time in which to complete expert discovery (*See* Dkts. ## 56, 62, 72, 87, 98–99 & 133), all of which have been granted by this Magistrate Judge.

sitions; thus, defendant asserts that the Routt reply report was filed well within the Court-imposed deadline. The ongoing discovery referred to by defendant is precisely the type of expert discovery contemplated by the Court and defendant is correct to assert that there is ample time to complete such discovery before the February 12, 2003 deadline. However, the Court's deadline does not nullify the FED. R. CIV. P. 26(a)(2)(C) deadlines applicable to expert rebuttal reports. The individual filings and submissions of initial expert reports, rebuttal reports and supplemental reports remain within the coverage of FED. R. CIV. P. 26. None of the rulings of this Magistrate Judge include direction as to the deadlines applicable to the filings of specific expert discovery reports. Thus, in absence of direction by this Court, the parties are bound by FED. R. CIV. P. 26(a)(2)(C).

### 1. FED. R. CIV. P. 26(a)(2)(C): Rebuttal Testimony vs. Supplemental Disclosure

■ Defendant contends that, in addition to not being bound by the deadlines imposed by FED. R. CIV. P. 26(a)(2)(C), the Routt report was a supplemental report not intended "solely to rebut," but provided supplemental analysis regarding additional, recently reviewed documentation. (Dkt. # 124, at 5–7). In support of this contention, defendant relies on *Tucker v. Ohtsu Tire & Rubber Co. Ltd.*, 49 F.Supp.2d 456, 459–61 (D.Md.1999)(a supplemental expert report filed ten days prior to the close of discovery, and more than four months before trial, is permissible as reports meant to supplement an expert's Rule 26(a)(2)(B) disclosure are governed by Rule 26(e)(1) which requires disclosure of any additions or changes not later than 30 days before trial, unless otherwise ordered

by the court.) Defendant claims that "although the Routt Report does address issues brought out in the Swingle reply report, it is not intended *solely* to contradict or rebut that evidence as required under Federal Rule 26(a)(2)(C)" because the Routt report relies on "evidence taken up to and including the September fact discovery deadline." (Dkt. # 124, at 9)(emphasis in original).

Despite defendant's claim that the Routt report relies on testimony taken within in a month of the date of the report, the fact that the expert consulted additional evidence before issuing his report is not enough to transform the report from rebuttal to supplemental. *See Congressional Air. Ltd. v. Beech Aircraft Corp.*, 176 F.R.D. 513, 515–16 (D.Md.1997)(despite the expert's decision to examine additional discovery materials, conduct further examinations and submit an additional report, the court found that the reports of this expert were "intended solely to contradict or rebut" the report prepared by the opposing expert.) Furthermore, the evidence before the Court supports plaintiff's assertion that the Routt report was in fact a reply report.[5] Defendant may "not circumvent the requirement that a rebuttal report be filed by arguing that the report is merely a Rule 26(e)(1) supplementation." 6 MOORE's FED. PRAC. ¶ 26.23[3] (3d ed.2002). If the report is intended to contradict or rebut a report prepared by the opposing party's expert, as is the case here, it must be filed within thirty days of receipt of the opposing party's expert report.

### 2. Prejudice to Plaintiff

■ Plaintiff asserts that in light of defendant's violation of the expert disclosure requirements of Rule 26(a), the Court should either strike the expert report or impose such other sanction under FED. R. CIV. P.

---

**5.** The report submitted by Routt on October 13, 2002 bears the title, "Reply of Thomas J. Routt ... to Reply of Del Swingle ...." (Dkt. # 96, Exh. A, at 1; Dkt. # 128, Exh. A, at 1). There is one section entitled "Present Report" which indicates that "[t]he present report is submitted as a reply to the 'Reply of Del Swingle ...'". (Dkt. # 128, Exh. A, at 3). The remaining pages fall within the subtitle "Reply to Swingle Reply, Section III" and upon examination by the Court, clearly reply to Swingle's findings. (Dkt. # 96,

at 3; Dkt. # 128, Exh. A, at 3–11, 13–19). The Court recognizes that Routt does address the depositions of Thomas Burland, taken on August 20, 2002 and September 27, 2002; reference to this additional evidence is not sufficient to transform this reply report to a supplemental report. (Dkt. # 128, at 11–13); *see also Congressional,* 176 F.R.D. at 515–16. Additionally, at his deposition, Routt categorized his October 13, 2002 report as his "reply report." (*See* Dkt. # 96, Exh. A, at 12, 13).

37(c)(1) as may be appropriate under the circumstances. (Dkt. # 97, at 5–6; Dkt. # 124, at 7–9). Defendant contends that assuming the Routt report was provided solely to rebut the Swingle report and was untimely, plaintiff has not suffered prejudice as a result of the late disclosure. (Dkt. # 124, at 10). Plaintiff responds that by holding back the report, defendant prejudiced plaintiff's ability to adequately prepare for Routt's deposition. (Dkt. # 128, at 7).

FED. R. CIV. P. 37(c)(1) provides:

A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions . . . [such as] payment of reasonable expenses, including attorney's fees, caused by the failure. . . .

The purpose of Rule 26(a) is to prevent an ambush, resulting in surprise or prejudice, of undisclosed or late disclosed evidence. *Thibeault v. Square D Co.*, 960 F.2d 239, 246 (1st Cir.1992); *see Virgin Enter, Ltd. v. American Longevity*, 2001 U.S. Dist. LEXIS 2048, at *6 (S.D.N.Y. Mar. 1, 2001). Consequently, courts have repeatedly held that the " 'automatic sanction' for a violation of Rule 26(a) is preclusion." *Giladi v. Strauch*, 2001 WL 388052, at *3, 2001 U.S. Dist. LEXIS 4645, at *8–9 (S.D.N.Y. Apr. 16, 2001); *LaMarca v. United States*, 31 F.Supp.2d 110, 122 (E.D.N.Y.1998); *Fund Comm'n Serv., II, Inc. v. Westpac Banking Co.*, 1996 WL 469660, at *3 (S.D.N.Y. Aug.16, 1996). Preclusion is "appropriate unless there is 'substantial justification' for the failure [,] . . . the failure to make disclosure is harmless" or the prejudice may be remedied by the party. *Giladi*, 2001 WL 388052, at *3, 2001 U.S. Dist. LEXIS 4645, at *9; *see Strougo v. BEA Assoc.*, 188 F.Supp.2d 373, 380 (S.D.N.Y. 2002)("[a]ny prejudice caused by untimely disclosure was remedied by the availability of those months during which plaintiff could depose the expert."); *see Hinton v. Patnaude*, 162 F.R.D. 435, 439 (N.D.N.Y. 1995)(Rule 37(c)(1) penalties "should not apply if the offending party's failure to disclose was 'substantially justified.' ").

The Southern District of New York has outlined a four-part test to determine whether to exclude untimely expert testimony under FED. R. CIV. P. 37(c)(1)—surprise or prejudice suffered by the moving party; the ability of that party to cure the prejudice; and whether there was bad faith or willfulness in failing to comply with the court order. *Virgin*, 2001 U.S. Dist. LEXIS 2048, at *5.[6] In that case, defendants filed their expert witness' report and CV fourteen days after the deadline imposed by Rule 26(a)(2). The court concluded that the evidence was not precluded as there was not substantive evidence of bad faith or callous disregard for the Rules and any prejudice would be remedied by the deposition of the expert. *Id.* at *3–4, 5 & 6.

In this case, unlike *Virgin*, plaintiff, due to the lateness of the Routt reply report, was prejudiced as plaintiff did not have adequate time to prepare for the deposition which was held the morning following the disclosure, nor was plaintiff able to adequately depose its own expert regarding Routt's reply report. *See id.* at *7; *see also Mid–America Tablewares, Inc. v. Mogi Trading Co. Ltd.*, 100 F.3d 1353, 1363 (7th Cir.1996)(the district judge did not abuse her discretion in denying defendant's motion to exclude the testimony of plaintiff's expert as she correctly determined that defendant had sufficient time to prepare for the deposition of plaintiff's expert after receiving plaintiff's supplemented expert report.). Defendant questions the extent of preparation *necessary* for the deposition of Swingle if the Routt report is in fact a rebuttal report. (Dkt. # 124, at 12). Defendant's question, however, ignores the extent of preparation defendant itself did for the depositions of both plaintiff's expert and its own expert—"Routt was 'prepped' for *both*

---

**6.** The third factor is inapplicable to this case as it requires consideration of "whether the waiver of the rule against calling unlisted witnesses is appropriate." The Court, therefore, will consider the applicability of the remaining three factors. *See Virgin,* 2001 U.S. Dist. LEXIS 2048, at *5.

his deposition *and* the deposition of .. Swingle" for the greater part of Tuesday, October 15, 2002. (Dkt. # 124, at 4)(emphasis in original). Defendant further contends that the depositions are not complete. (*Id.*). Even if this is the case, plaintiff should not be forced to revisit a topic that may have been adequately addressed in both Swingle's and Routt's depositions had the reply report been disclosed pursuant to the Rule 26(a)(2)(C) deadline.

Despite the prejudice that plaintiff has suffered as a result of defendant's failure to abide by the Rule 26(a)(2)(C) deadline, "preclusion is a drastic remedy" and it is "generally ordered only where the court finds that the party's failure to comply with the requirements was both unjustified and prejudicial." *Virgin,* 2001 U.S. Dist. LEXIS 2048, at *6 (citations and internal quotations omitted). Defendant has an opportunity to cure the prejudice as the expert discovery deadline has been postponed, yet again, to February 12, 2003. There are approximately almost five weeks for the parties to schedule another deposition of the parties' experts. However, defendant must bear the costs thereof Such a sanction is appropriate particularly in light of defendant's disregard for Rule 26(a)(2)(C), defendant's submission of the report on the eve of Routt's deposition and after the deposition of plaintiff's expert,[7] and this Court's repeated warning that further discovery delay will not be allowed absent extraordinary circumstances.

Plaintiff's Motion to Strike Expert Reply Report of Thomas Routt (Dkt. # 95) is *granted in part* such that plaintiff is permitted the opportunity to redepose Routt and Swingle, at defendant's expense, in accordance with this ruling.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

*See* 28 U.S.C. § 636(b)(**written objections to ruling must be filed within ten days after service of same**); FED. R. CIV. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; *Small v. Secretary, H & HS,* 892 F.2d 15, 16 (2d Cir.1989)(**failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit**).

---

7. Defendant blames the untimely disclosure on a chain of events that were effectually within defendant's control as they all were caused by defendant or its expert. Defendant claims that the report was not electronically delivered by Routt until 10:30 p.m. on Sunday, October 13, 2002. (Dkt. # 124, at 3). Counsel, therefore, did not actually receive the report until Monday morning and because Routt was traveling from Seattle to Hartford the entire day on Monday for his deposition, he was not available to discuss the report until Tuesday October 15, 2002. (Dkt. # 124, at 3–4). Defendant further asserts that during the Swingle deposition which lasted all day October 16, 2002, counsel worked with Routt and URI representatives to ensure that the report was ready to provide to plaintiff by the end of the day prior to Routt's deposition, thus further delaying the disclosure to plaintiff. (Dkt. # 124, at 4).

Furthermore, the Court notes that the plaintiff's rebuttal expert report was served on August 15, 2002, yet defendant claims that the Routt report was delayed as Routt included discovery information supplied to him only eight days before the date of the report (October 5, 2002) which would have been five days after the close of fact discovery. Thus, any reliance by defendant on Routt's need to wait until the fact discovery period ended to complete the report is misplaced as the defendant admits that its expert was drawing information from any source regardless of the Court's Scheduling Order.

Additionally, the Court notes, as plaintiff emphasizes in its brief, that despite the parties numerous filings seeking extensions of deadlines, defendant received the reply report from Routt on October 13, 2002 (twenty-eight days after the September 15, 2002 disclosure deadline), yet defendant never sought an extension of time to file the report but rather chose to disclose the report to plaintiff three days later, on the eve of Routt's deposition. (Dkt. # 97, at 4–5).